425 P.2d 576

**Andres O. CORDOBA, Appellant,**

**v.**

**George WISWALL as Executor of the Estate of Mary Greene Wiswall, Deceased, Appellee.**

**No. 2 CA–CIV 119.**

Court of Appeals of Arizona.

March 29, 1967.

Murphy & Vinson, by James M. Murphy, Tucson, for appellant.

Gentry, McNulty & Toci, by Philip E. Toci, Bisbee, for appellee.

PER CURIAM.

Appellant filed suit in superior court, Cochise County, against appellee and certain other named defendants, children of the decedent, seeking a declaratory judgment in his favor as to the proceeds of the sale of stock which had comprised part of the decedent's estate. (The suit was subsequently dismissed with prejudice as to one of decedent's children.)

After dismissal of plaintiff's complaint for failure to join indispensable parties, with leave to amend, an amended complaint was filed naming appellee, decedent's two children, decedent's grandchildren and the guardian ad litem for minor grandchildren as defendants. Prior to the case coming at issue as to all parties, the appellee-executor moved for summary judgment which was granted. Judgment was entered decreeing that neither the decedent's estate nor appellee as executor thereof were liable to appellant. This appeal followed.

We are constrained to repeat an oft reiterated precept concerning our duty to raise the question of our jurisdiction to entertain an appeal. See Ginn v. Superior Court, In and for County of Pima, 1 Ariz.App. 455, 404 P.2d 721 (1965); Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966); Pegler v. Sullivan, 4 Ariz. App. 149, 418 P.2d 395 (1966). Our jurisdiction is circumscribed by statute, and with certain exceptions not pertinent here, is limited to appeals from final judgments. A.R.S. § 12–2101 as amended.

In an action involving multiple parties, a trial court's order or judgment which adjudicates the rights and liabilities of fewer than all the parties does not terminate the action as to any of the parties unless the trial court makes an "express determination that there is no just reason for delay" and an "express direction for the entry of judgment." A.R.C.P. Rule 54(b) as amended, 16 A.R.S.

Absent this determination and direction, as is the situation here, the "judgment" from which this appeal was taken is interlocutory and nonappealable. Pegler v. Sullivan, supra; Rail N Ranch Corporation v. State of Arizona, 4 Ariz.App. 301, 419 P.2d 742 (1966). Therefore this appeal must be dismissed as premature.

However, as indicated in *Rail N Ranch*, if the trial court, upon request, enters the required "determination and direction," and a timely appeal is taken, we will consider the second appeal, if the parties so stipulate, on the record and briefs filed herein, supplemented by the final judgment.

Appeal dismissed.

HATHAWAY, C. J., and JOHN P. COLLINS, and ROBERT O. ROYLSTON, Superior Court Judges, concur.

NOTE: Judges JOHN F. MOLLOY and HERBERT F. KRUCKER having re-

quested that they be relieved from consideration of this matter, Judges JOHN P. COLLINS and ROBERT O. ROYLSTON were called to sit in their stead and participate in the determination of this decision.