427 P.2d 376

**Leon ULAN and Sylvia Ulan, husband and wife, Appellants,**

v.

**Milford KAY and Edna T. Kay, husband and wife, Sidney Katz and Shirley Katz, husband and wife, and Ferdinand Reese and Dorothy Reese, husband and wife, Appellees.**

**No. 2 CA–CIV 396.**

Court of Appeals of Arizona.
April 28, 1967.

William Messing, Tucson, for appellants.

Johnson, Darrow, D'Antonio, Hayes & Morales, Tucson, for appellees Kay.

Silver, Silver, Ettinger & Karp, Tucson, for appellees Katz and Reese.

## PER CURIAM.

The appellants were named as defendants in a suit commenced in superior court, Pima County, to recover damages for fraud. They subsequently filed a third-party complaint against the appellees. The appellees filed their respective motions for summary judgment on the ground that the claim set forth in the third-party complaint was res judicata. The motions were granted and on December 27, 1966, judgment was entered in favor of appellees Kay, and on January 10, 1967, judgment was entered in favor of appellees Katz and Reese. This appeal was timely prosecuted from both judgments.

Although neither party has raised it, we question our jurisdiction to entertain this appeal. With certain exceptions not pertinent here, our sole power is to hear appeals "from a final judgment." A.R.S. § 12–2101, as amended. This action involves multiple claims, and when the trial court adjudicated the third-party claim and left the original claim pending, the action became controlled by Rule 54(b), as amended, Rules of Civil Procedure, 16 A.R.S., which provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Nowhere in the summary "judgments" of the trial court is there any "express determination that there is no just reason for delay" as required by this rule. The very language of the rule negates "finality" and therefore appealability, in the absence of the "determination and direction" in the trial court's judgment on one or more, but less than all of the claims asserted in a multiple-claim action.

For this reason we hold that the "judgments" sought to be reviewed in this appeal are interlocutory and therefore not within our appellate jurisdiction. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 45, 365 P.2d 208 (1961). Accordingly, the appeal is dismissed. The appellants, of course, may request the trial court to enter the "determination and direction" required by Rule 54(b). If the trial court complies and a timely appeal is thereafter taken, and if the parties consent to such course, we will hear the second appeal on the record prepared for the present appeal as thus supplemented.[1]

---

1. We do not believe that the procedure outlined in the recent case of Eaton Fruit Company v. California Spray-Chemical Corporation, 102 Ariz. 129, 426 P.2d 397 (April 13, 1967), is herein applicable. In the *Eaton* case, an appeal from a nonappealable minute entry order was not dismissed, but rather suspended pending correction of the trial court record by execution of a formal written order. It is conceivable that in the instant case, the trial court may decline to exercise its discretion, since Rule 54(b) authorizes revision of the subject "judgments" at any time before the entry of judgment adjudicating all the claims.