526 P.2d 1241

Jerry W. DEAN, a minor, by his mother, Leana Dean, and O. L. Dean, his father, Appellants,

v.

C. S. POWELL and Patricia Ann Anderson, Appellees.

No. 11653–PR.

Supreme Court of Arizona, In Banc.

Oct. 9, 1974.

Rehearing Denied Nov. 13, 1974.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., Tucson, for appellants.

Brandt & Engler, by Ralph F. Brandt, Yuma, for appellee Powell.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P. C. by Ralph E. Hunsaker, Phoenix, for appellee Anderson.

STRUCKMEYER, Justice.

This is an appeal from a judgment entered upon a directed verdict in favor of Charles S. Powell and from an order of the Superior Court dismissing Patricia Ann Anderson as a party defendant in the action. The Court of Appeals, Division One, on June 14, 1974, ordered the appeal as to Anderson dismissed. We accepted review. The order of the Court of Appeals is vacated.

The action out of which this appeal arises was filed in the Superior Court on behalf of Jerry W. Dean, a minor, by his mother and father as a suit for damages for malpractice against Dr. Charles S. Powell and Patricia Ann Anderson, wife of Dr. Walter Anderson, deceased. The Parkview Baptist Hospital, Inc. was joined as a defendant, but the action has been concluded against it without appeal.

Further facts material to this review are:

On September 4, 1970, the trial court entered the order directing that the action be dismissed as to defendant Anderson. This was followed on September 10, 1970 by formal, written, signed judgment of dismissal with prejudice. On September 21, 1973, after three days of trial to a jury and after the plaintiff rested, the court di-rected a verdict in favor of the defendant Powell. The formal, written judgment was signed and filed the same day. Plaintiff's motion for a new trial, which was directed solely to the Powell judgment, was denied on November 19, 1973. On December 12, 1973, plaintiff filed a notice of appeal entitled "Jerry W. Dean, a minor, by his mother, Leana Dean, and O. L. Dean, father, plaintiffs, vs. C. S. Powell and Patricia Ann Anderson, defendants." The appeal was from the Powell judgment entered on the 21st day of September 1973, from the order of November 19, 1973 denying plaintiff's motion for a new trial and from the September 4, 1970 order dismissing the action as to Patricia Ann Anderson.

In the Court of Appeals, Anderson filed a motion to dismiss the appeal. A majority of the judges in Division One, being of the opinion that the motion for a new trial directed to the Powell judgment did not extend the time to appeal the Anderson order, the appeal was ordered dismissed as to her. We accepted review to examine the question of the propriety of the Dean appeal as it relates to the Anderson dismissal.

By Rule 54(b), Rules of Civil Procedure, 16 A.R.S., when more than one claim for relief is presented in an action or when multiple parties are involved, as here, the court may direct the entry of final judgment as to one or more of the claims or parties only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such determination and direction, any order "or other form of decision, however designated" shall not terminate the action as to a claim or a party and the order or other form of decision is subject to revision at any time before the entry of a judgment finally adjudicating all the rights and liabilities of all the parties.

Under an identical rule to Arizona's, the federal courts have held that the dismissal of an action as to a co-defendant is not a

final decision so as to be appealable unless the dismissal contains a determination that there was no just reason for delay. *See, e. g.,* Levin v. Wear-Ever Aluminum, Inc., 427 F.2d 847 (1970); Rinker v. Local Union # 24 of Amalgamated Lithographers of America, 313 F.2d 956 (1963). The Court of Appeals has held in Edler v. Edler, 9 Ariz.App. 140, 449 P.2d 977 (1969) and Cordoba v. Wiswall, 5 Ariz.App. 265, 425 P.2d 576 (1967), that the express determination must be made before a dismissal becomes final and is appealable.

■ In this case, since the court did not make an express determination of no just reason for delay, the order of dismissal as to Patricia Ann Anderson as well as the subsequent dismissal with prejudice were intermediate and not final judgments appealable before the lower court's ultimate disposition of the entire case by entrance of the judgment favorable to Dr. Powell on September 21, 1973.

■ The question presented is whether the appealability of the Anderson order of September 4, 1970 was extended by the timely motion for a new trial directed only to the Powell judgment.

By A.R.S. § 12–2101, as amended, an appeal may be taken from a final judgment or from a timely order granting or refusing a new trial. By Rule 73(b), when an appeal is permitted by law it shall be perfected by notice of appeal filed within sixty days from the entry of judgment or order appealed from, but the time of appeal is extended by a timely motion for a new trial and is to be computed from the entry of the order denying the motion. By A.R.S. § 12–2102, upon an appeal from a final judgment, the Court of Appeals must review "all orders and rulings assigned as error."

Dean's notice of appeal, filed December 12, 1973, sought to appeal "from the orders made and entered in the above-entitled court in the above-entitled action on September 4, 1970." (The order of dismissal against Anderson.)

Since, by A.R.S. § 12–2102, the Court of Appeals must on appeal from a final judgment review all orders and rulings assigned as error, it is plain that it must examine into the order of dismissal of September 4, 1970 if assigned as error on appeal from the Powell judgment.

Rule 54(b) was designed, among other things, to avoid piecemeal appeals. It contemplates that there be but a single appeal which shall be taken when the litigation is concluded in the trial court. While § 12–2101 permits an appeal to be taken from a final judgment, and the Anderson order could have been appealed at that time, the litigation was, in fact, not concluded in the lower court until the denial of the Powell motion for a new trial. If the trial court set aside the Powell judgment and ordered a new trial, the litigation would not have been finally concluded and the appeal of the Anderson order would have been premature.

We think that the proper construction of A.R.S. § 12–2102 and Rules 54(b) and 73(b) require that the appealability of all intermediate orders be extended until the trial court's disposition of the Powell motion for new trial. Any other decision would require multiple appeals.

The order of the Court of Appeals dismissing the appeal as to Patricia Ann Anderson is vacated.

HAYS, C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

Note: Vice Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.