619 P.2d 488

**Georgia PULASKI, Plaintiff–Appellant,**

v.

**Larry C. PERKINS, a single man, Defendant–Appellee.**

**No. 1 CA–CIV 5212.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 2, 1980.

Rehearing Denied Oct. 30, 1980.

Georgia Pulaski in pro. per.

Maupin & Wilson by James Wm. Junker, Phoenix, for defendant–appellee.

OPINION

**PER CURIAM.**

We have determined upon our own motion that we lack jurisdiction to consider this appeal and it must therefore be dismissed. Since this decision is a departure from the past practice of this court, it is appropriate that the opinion be published.

The plaintiff and appellant, Georgia Pulaski, commenced this action for damages arising out of an automobile accident. Her original complaint sought relief against Larry Perkins, Julio Tovar, and Goodwill Industries of Central Arizona, a corporation. The record reflects service upon all three of these originally named defendants. Perkins and Goodwill Industries filed answers. Tovar did not answer and his default was entered.

Plaintiff subsequently filed an amended complaint naming an additional defendant, Jane Doe, the mother of Larry Perkins. The record does not indicate that service was ever made upon this defendant.

Goodwill Industries eventually obtained a judgment in its favor. This judgment included the express determination prescribed by Rule of Civil Procedure 54(b) for establishing the finality of an adjudication when other claims are pending. Plaintiff's claim against Larry Perkins went to trial before a jury. Judgment was entered on a jury verdict in Perkins' favor. This judgment, with respect to which plaintiff filed a notice of appeal, does not contain the express determination of finality provided for in Rule 54(b). The claim against Tovar remains unadjudicated.

It has long been the practice of our supreme court and this court to inquire as to whether our jurisdiction has been properly invoked, and to dismiss an attempted appeal, upon the court's own motion if necessary, where jurisdiction does not appear. *Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239 (1963).

The right to appeal exists only by force of statute and is limited to the terms of the authorizing statute. *City of Phoenix v. Superior Court*, 110 Ariz. 155, 515 P.2d 1175 (1973). The plaintiff here has purportedly appealed from the entry of a "final judgment." Final judgments are made appealable pursuant to A.R.S. § 12–2101(B). Rule 54(b) controls the finality of judgments when multiple claims are asserted or multiple parties are involved.[1]

▮ Whenever there are outstanding claims remaining to be adjudicated in an action in the superior court, the lack of a 54(b) determination defeats finality. *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961). There was no such determination in *Stevens*, and our supreme court dismissed the appeal.

Where an appellant has failed to validly perfect an appeal by reason of the lack of a 54(b) determination in a case involving multiple claims or parties, this court has for some time followed the practice of granting motions to "suspend" the appeal pursuant to the authority of *Eaton Fruit Co. v. California Spray–Chemical Corp.*, 102 Ariz. 129, 426 P.2d 397 (1967), for the purpose of revesting jurisdiction in the trial court so that it may consider a motion to make a 54(b) determination of finality. *Eaton Fruit* involved an attempted appeal from a minute entry order which was not formally appealable by reason of the requirements of Rule of Civil Procedure 58(a). While considerations generally similar to those in the Rule 58(a) situation involved in *Eaton Fruit* have prompted this court to apply the *Eaton Fruit* procedure in a case where a 54(b) determination is lacking, no opinion of either our supreme court or this court holds that the suspension and revesting process is appropriate in a case where finality is lack-

---

1. Rule 54(b) reads as follows:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

ing by reason of multiple claims or parties.[2] We have determined that a reevaluation of the practice is appropriate.

From a conceptual standpoint, *Eaton Fruit* appears to create a gray area where the appellate court has no jurisdiction to dispose of the attempted appeal on its merits and yet is invested with sufficient jurisdiction so that it may choose not dismiss and may instead suspend the attempted appeal and revest jurisdiction in the trial court for the purpose of perfecting appellate jurisdiction. This is a departure from the usual rule that where the jurisdiction of the appellate court has not been validly invoked, the attempted appeal must be dismissed. *See, e. g., Oak Construction Co. v. Huron Cement Co.*, 475 F.2d 1220 (6th Cir. 1973); *Slaughter v. First National Bank*, 34 Ariz. 26, 267 P. 416 (1928).

The conceptual ambivalence which inheres in *Eaton Fruit* indicates that its purpose was to establish a rule of practical judicial administration. It is designed to eliminate a round trip to the trial court and back to the appellate court in the situation where all that is involved is the form of an otherwise appealable order.

In our opinion, there are sufficient distinctions between an attempted appeal which is imperfect by reason of a Rule 58(a) deficiency and an appeal which is invalid by reason of a Rule 54(b) deficiency so that *Eaton Fruit* should be held inapplicable to cases such as the present one. The 58(a) deficiency made curable by *Eaton Fruit* is a defect only in the form of a presumably substantive appealable order. A 54(b) deficiency, on the other hand, is a defect of substance because A.R.S. § 12–2101(B) makes appealable only "final" judgments and, unless the particular judgment in question is otherwise appealable,[3] there would be no statutory basis for bringing the appeal.

In the case of a judgment not reduced to writing and signed by the judge pursuant to Rule 58(a), while the precise terms of the final judgment remain to be settled, there will generally be nothing of substance left to adjudicate. In the case of a Rule 54(b) deficiency, however, the trial court will be called upon to make the discretionary determination of whether or not the judgment should be accorded finality. This is a "life or death" matter in regard to present appealability.

Rule 54(b) represents an attempt to accommodate the longstanding policy against piecemeal appeals and the desirability, in a proper case, of according to the trial court the authority to render a final judgment in a case involving multiple claims or parties. Quoting from the statement of the intent of the draftsmen of Federal Rule of Civil Procedure 54(b) after its amendment in 1941, one court has stated:

> It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [as to the appealability of final judgments] and rule.

*Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3d Cir. 1958).

■ The phrase "no just reason for delay" in Rule 54(b) means that "there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968). *See generally* 6 *Moore's Federal Practice*, § 54.41[3] (2d ed. 1976). The grav-

---

2. In *Ulan v. Kay*, 5 Ariz.App. 395, 396 n.1, 427 P.2d 376, 377 n.1 (1967). Division Two indicated its belief that the *Eaton Fruit* procedure did not apply in Rule 54(b)–deficient cases.

3. Certain kinds of decisions of the superior court are appealable without a 54(b) determination even though they are not final judg-

ments in the sense that nothing else in the action remains to be adjudicated. These are specific types of decisions listed in subsections of A.R.S. § 12-2101 and elsewhere authorizing the appeal of a particular kind of decision. *See Bulova Watch Co. v. Super City Department Stores*, 4 Ariz.App. 553, 422 P.2d 184 (1967).

ity with respect to which the federal courts take 54(b) determinations is reflected in the fact that the Third Circuit now insists that reasons for 54(b) determinations be set out by the trial court, *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975), and the Second Circuit insists that the determination not be made "as a matter of rote." *Arlinghaus v. Ritenour*, 543 F.2d 461, 463 (2d Cir. 1976). These decisions, and two recent decisions of this court, reflect increasing concern over an apparently indiscriminate use of 54(b) determinations. *See Watson Construction Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 572–73, 606 P.2d 421, 423–24 (App.1979); *Hill Bros. Chemical Co. v. Grandinetti*, 123 Ariz. 84, 88–89 n.5, 597 P.2d 987, 991–92 n.5 (App.1979).

The two major treatises on practice under the federal rules both take the view that it is appropriate for the federal courts of appeals to assume and retain jurisdiction pending the obtaining of a 54(b) certificate of finality. *See* 9 *Moore's Federal Practice*, § 204.14 (2d ed. 1976); 10 *Wright and Miller, Federal Practice and Procedure*, § 2660 (1973). The decisions, however, have gone the other way. *See, e. g., Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1169 (5th Cir. 1978) (stating that the "practice [of retaining jurisdiction] has apparently been disapproved by every court to consider the matter since 1954"); *TMA Fund, Inc. v. Biever*, 520 F.2d 639 (3d Cir. 1975); *Oak Construction Co. v. Huron Cement Co.*, 475 F.2d 1220 (6th Cir. 1973); *Williams v. Bernhardt Bros. Tugboat Service, Inc.*, 357 F.2d 883 (7th Cir. 1966); *Wolfson v. Blumberg*, 340 F.2d 89 (2d Cir. 1965); *Southern Park-way Corp. v. Lakewood Park Corp.*, 273 F.2d 107 (D.C. Cir. 1959); *Island Service Co. v. Perez*, 255 F.2d 559 (9th Cir. 1957).

■ Our supreme court and this court have traditionally guarded jurisdiction closely. *See, e. g., Rueda v. Galvez.* We accordingly see no reason to give *Eaton Fruit* an expansive application. It is evident from the foregoing discussion that a Rule 54(b) determination as to finality is qualitatively distinct from the deficiency of formality involved in *Eaton Fruit*. We are of the opinion that it is most desirable that the trial court exercise its discretion in a Rule 54(b) matter free of the context of a "suspended" appeal in the court of appeals. For these reasons, we hold that *Eaton Fruit* is not controlling and that the instant attempted appeal should be dismissed outright for lack of jurisdiction. Appellant will be free to take such steps as she deems advisable to obtain the entry of a final and appealable judgment in the superior court and, in accordance with *Stevens v. Mehagian's Home Furnishings, Inc.*, we will to the extent practicable consider a new appeal on the present briefs.

For the foregoing reasons, the appeal is dismissed.

FROEB, P. J., and CONTRERAS and WREN, JJ., concur.