667 P.2d 1351

In the Matter of the ESTATE OF Louise KERR, deceased.

The VALLEY NATIONAL BANK OF ARIZONA, Personal Representative-Appellee,

v.

Rosemary DYKSTRA, Contestant-Appellant.

No. 1 CA–CIV 5929.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 9, 1983.

Daughton Feinstein & Wilson by Donald Daughton, R. Stewart Halstead, Snell & Wilmer, Phoenix, for personal representative-appellee.

Hubert E. Kelly, P.C. by Hubert E. Kelly, Phoenix, for contestant-appellant.

## OPINION

GRANT, Acting Presiding Judge.

This is an appeal from a summary judgment dismissing objections to a will. We affirm the trial court.

Louise Kerr died on October 8, 1978. She had executed a will on September 27, 1948, which named as principal beneficiaries her three brothers and two sisters, all of whom survived her. On July 7, 1978, Louise Kerr set up a trust which gave a life estate in certain pieces of real property to two close friends and retained a life estate in the remainder of the trust property. The residuary of the trust was for the benefit of Arizona State University.

Along with the trust, Louise Kerr executed another will, revoking the 1948 one, and directed that her personal and household belongings be divided up equally among her brothers and sisters. The remainder of her estate was to be placed in the aforementioned trust.

Appellee, Valley National Bank, was appointed personal representative pursuant to court order, and filed the July 7, 1978, second will in the superior court. The will was admitted to informal probate on October 18, 1978.

On February 16, 1979, appellant, Rosemary Dykstra, one of Louise Kerr's sisters, filed objections to the probate of this will and the appointment of appellee as personal representative. Appellant alleged that the decedent lacked testamentary intent or capacity, that undue influence was exerted on the decedent in preparation of the will, that the will was the result of mistake on the part of decedent both as to the identity and contents of the will, that the will was the product of fraudulent misrepresentations made to the decedent, and that the signature on the will was not, in fact, that of Louise Kerr.[1]

On December 8, 1980, appellee filed a motion for summary judgment to dismiss appellant's claims against the will. The court entered a minute entry requiring a response to the motion for summary judgment by December 26, 1980. A copy of this minute entry was sent to appellant, but no response was filed. The hearing on the summary judgment motion was held as scheduled on January 15, 1981. An attorney appeared on behalf of appellant, stating that he was there only to request a continuance of the hearing and not to oppose the motion for summary judgment. The court

---

1. Preston Kerr, one of decedent's brothers, also filed an objection to the probate of the will, alleging basically the same grounds as appellant, and asking for formal testacy proceedings. The objections were subsequently settled.

denied the motion for continuance and, after oral argument was heard, granted the motion for summary judgment.

On March 14, 1979, the personal representative filed a petition for formal probate of the 1978 will. On January 27, 1981, the hearing on this petition was held. No one appeared in opposition to the petition. The court heard testimony regarding the execution of the will and granted the petition for formal probate.

## I. JURISDICTION

On February 17, 1981, appellant filed a timely notice of appeal from the summary judgment dismissing her claims against the will. Appellant has not appealed from the order admitting the will to formal probate. Appellee claims that because appellant did not object to and has not appealed from the admission of the will to formal probate, this appeal is moot. We must examine our jurisdiction to hear this appeal. *Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961); *Searles v. Haldiman,* 3 Ariz.App. 294, 413 P.2d 860 (1966).

The power of the Court of Appeals to review actions of the superior court is limited by statute, specifically, A.R.S. § 12–2101 and § 12–120.21. *Hanania v. City of Tucson,* 123 Ariz. 37, 597 P.2d 190 (App.1979). *Searles v. Haldiman.* The specific provision which prescribes our jurisdiction over probate matters is A.R.S. § 12–2101(J), which states that an appeal may be taken "[f]rom a judgment, decree or order entered in any *formal* proceedings under title 14." (emphasis added) Title 14 covers decedents' estates, guardianships, protective proceedings and trusts. In the case of *Matter of Estate of Torstenson,* 125 Ariz. 373, 375, 609 P.2d 1073, 1075 (App.1980) this court held:

> "Informal probate is conclusive as to all persons until superseded by an order [entered] in a formal testacy proceeding," (A.R.S. § 14–3302) (see Uniform Probate Code (U.L.A.) § 3–302). Thus an informal probate order can only be set aside by an order entered in a formal testacy proceeding. Effland, *Arizona Probate*

*Code Practice Manual,* § 5–6 at page 5–10 (1973).

In interpreting A.R.S. § 12–2101(J), we are guided by language in *Ivancovich v. Meier,* 122 Ariz. 346, 595 P.2d 24 (1979), in which our supreme court stated that an "order" for purposes of A.R.S. § 12–2101(J) means "an order similar to a final judgment or decree entered in any formal proceedings under title 14." *Id.* at 353, 595 P.2d at 31. Our supreme court has also determined that "judgment," "decree" and "order" are synonyms and designate a final disposition of a litigant's rights rather than a decision on an intermediate point which does not dispose of the principal issues in the cause. *State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964).

The summary judgment in this matter did not admit the will to probate; rather, it merely dismissed the objections to probate of the will which had been raised as of that date by appellant. *See Boone v. Estate of Nelson,* 264 N.W.2d 881 (N.D. 1978). The judgment was in the nature of an interlocutory order, not a final judgment. *Ulan v. Kay,* 5 Ariz.App. 395, 427 P.2d 376 (1967). We conclude, therefore, that the summary judgment entered by the superior court was not a final judgment under A.R.S. § 12–2101(J). As we have already observed, the jurisdiction of the Court of Appeals, with certain exceptions, is limited to appeals from final judgments. *Cordoba v. Wiswall,* 5 Ariz.App. 265, 425 P.2d 576 (1967). Further, there was no express determination by the trial court that there was no just reason for delay and an expressed direction for the entry of judgment pursuant to rule 54(b), Arizona Rules of Civil Procedure. *Maricopa Co. v. Maricopa Co. Superior Court,* 15 Ariz.App. 149, 486 P.2d 829 (1971). The authors of the Arizona Appellate Handbook foresaw potential problems in this area. In discussing A.R.S. § 12–2101(J) they said:

> Construing the present subsection, the supreme court has held in *Ivancovich v. Meier,* 122 Ariz. 346, 595 P.2d 24 (1979), that the word "order" as used in A.R.S. § 12–2101(J) means "an order similar to a

final judgment or decree" entered in any formal probate proceedings. The precise scope of this phrase is uncertain. Nevertheless, it would seem that to be appealable an order should at least be of the same general importance as those orders specified in the previous statute. *Ivancovich* also indicates that to be appealable an order should finally adjudicate some particular aspect of the probate proceeding or affect some substantial right of a party of the same nature as those involved in the other appealable orders specified in A.R.S. § 12–2101. In any event, a party desiring to appeal from any given order in a probate proceeding should consider seeking a Rule 54(b) determination from the superior court to increase the likelihood that the order will be held appealable.

§ 3.2.1.1, 1981 Supp. p. 3–3, 3–4.

■ Although the summary judgment is not an appealable order under A.R.S. § 12–2101(J) absent a rule 54(b) determination, we hold that the order admitting the will to probate, filed January 27, 1981, is an appealable order. This is an order entered in a formal proceeding under title 14. *See Ivancovich v. Meier.* It is also an order specified in the previous statute as an appealable order.[2] The order indicates that the decedent died testate leaving a will dated July 7, 1978, which will is valid, unrevoked and the last will of the decedent. The order lists the heirs and devisees of decedent, and indicates that notice has been given as required by law for the hearing. Finally, the order states that "the will of Louise Kerr, dated July 7, 1978, is admitted to formal probate." As of the date of this final judgment, appellant could appeal. *See Dean v. Powell,* 111 Ariz. 219, 526 P.2d 1241 (1974); *Connolly v. Great Basin Ins. Co.,* 5 Ariz.App. 117, 423 P.2d 732 (1967).

■ On February 17, 1981, appellant appealed from the January 15, 1981, summary judgment rather than from the final order entered January 27, 1981, apparently because she believed she could not appeal from the final judgment of probate as she was no longer a party to the case. This is clearly not the case, however, since on appeal from a final judgment, this court must review all orders and rulings assigned as error. *Dean v. Powell.* Thus, appellant could have appealed from the order admitting the will to probate as this would have necessarily included an appeal from the summary judgment which dismissed her objections to the will.

■ Instead, appellant appealed from the interlocutory summary judgment. Since this is not a final judgment, as previously indicated, this presents a rule 54(b) problem. Appellant could have requested the requisite 54(b) language in the order, thereby rendering it immediately appealable. The fact that she failed to do so does not render her notice of appeal defective in this case, however, since the notice of appeal from the summary judgment followed the filing of the final order admitting the will to probate. Had she filed the notice of appeal from the summary judgment prior to the filing of the final order admitting the will to probate, her notice of appeal would have been premature. In conclusion, we hold that where a valid appealable order in a formal proceeding under title 14 has been filed, a timely notice of appeal is not defective merely because it indicates the nonappealable interlocutory order rather than the final appealable order.

## II. DENIAL OF CONTINUANCE

The appellant claims that the trial court committed error in refusing to grant her motion for continuance of the hearing on appellee's motion for summary judgment. She asserts that she did not receive notice of the hearing until too late to acquire counsel and submit a response. Appellant lives near Mormon Lake in northern Arizona. Because of winter snows the mailman on her route leaves her mail at a restaurant

---

2. Former A.R.S. § 12–2101(J) provided that an appeal may be taken from a judgment or order:

    \*    \*    \*    \*    \*    \*

2. Admitting or refusing to admit a will to probate . . . .

motel where residents can pick it up from the motel desk. Appellant does not claim notice was not sent but simply that she did not pick up her mail. She did manage to retain an attorney to appear at the hearing and argue for a continuance. These "facts" were alleged by appellant's counsel at the hearing and again in her brief on appeal.

A motion for continuance is directed to the discretion of the trial court and will not be reversed absent an abuse of discretion. *Anderson Aviation Sales Co., Inc. v. Perez,* 19 Ariz.App. 422, 508 P.2d 87 (1973); *Modla v. Parker,* 17 Ariz.App. 54, 495 P.2d 494, *cert. denied,* 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972). Appellant was sent copies of all pleadings and relevant minute orders to the address which was left on file with the court and to her address at Mormon Lake. Service by mail is a proper method of service. Service by mail is complete upon mailing and is not dependent on receipt. Rule 5(c), Arizona Rules of Civil Procedure; *Phoenix Metals Corp. v. Roth,* 79 Ariz. 106, 284 P.2d 645 (1955); *Blickenstaff v. Industrial Comm'n of Arizona,* 116 Ariz. 335, 569 P.2d 277 (App.1977). The trial court did not abuse its discretion in denying the continuance.

### III. SUMMARY JUDGMENT

The appellant claims that the lower court committed error in not considering any evidence other than that contained in appellee's motion for summary judgment. This allowed the probate of the contested will upon a summary judgment because of lack of opposition at the hearing according to appellant. The appellant argues that the trial court cannot grant a motion for summary judgment solely on the fact that a response was not filed, but rather must consider the entire record. *Nemec v. Rollo,* 114 Ariz. 589, 562 P.2d 1087 (App.1977). *Choisser v. State ex rel. Herman,* 12 Ariz. App. 259, 469 P.2d 493 (1970). Appellant is correct as to this legal principle; however, appellee points out that the trial court's minute entry reflects that it considered the "motion and file in the matter." The judgment in the case reflects that the trial court

granted the motion "after considering the motion, memorandum, affidavits, depositions, and pleadings on their merits . . ." Pursuant to rule 56(c), Arizona Rules of Civil Procedure, the trial court must do so. *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287 (1977).

In reviewing a summary judgment, the evidence must be viewed in a light most favorable to the losing party, with that party being given the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979); *Mobile Home Estates v. Levitt Mobile Home Systems,* 118 Ariz. 219, 575 P.2d 1245 (1978); *Poggi v. Kates,* 115 Ariz. 157, 564 P.2d 380 (1977). If, when viewed in this manner, there is the slightest doubt as to the material facts, the judgment will be reversed for a trial on the merits. *Grain Dealers Mut. Ins. Co. v. James,* 118 Ariz. 116, 575 P.2d 315 (1978); *Sellers v. Allstate Ins. Co.,* 113 Ariz. 419, 555 P.2d 1113 (1976). It is with these principles in mind that we review the issue.

Appellant also implies that summary judgment is not appropriate in a will contest case. However, this court has previously upheld the granting of the motion for summary judgment in a will contest. *In re Estate of Sherer,* 10 Ariz.App. 31, 455 P.2d 480 (1969). *See also Stevens v. Anderson,* 75 Ariz. 331, 256 P.2d 712 (1953).

Appellant failed to present any evidence to the trial court and has alleged none on appeal to challenge the propriety of the granting of summary judgment. Allegations that decedent lacked testamentary intent and capacity; that undue influence was exerted on the decedent in preparation of the will; that the will was the result of mistake on the part of decedent, both as to the identity and contents; that the will was the product of fraudulent misrepresentations made to decedent and that the signature on the will was not that of Louise Kerr, were merely unsupported allegations. A party may not resist a motion for summary judgment by general statements or

**30**

allegations of counsel. *Chanay v. Chittenden, supra; W.J. Kroeger Co. v. Travelers Indem. Co.,* 112 Ariz. 285, 541 P.2d 385 (1975); *Dobson v. Grand International Brotherhood of Locomotive Engineers,* 101 Ariz. 501, 421 P.2d 520 (1966).

The evidence before the trial court refuted the allegations of appellant. The record demonstrates that there are no material questions of fact and that as a matter of law the moving party is entitled to summary judgment. Therefore the motion was properly granted. *Town of Paradise Valley v. Gulf Leisure Corp.,* 27 Ariz.App. 600, 557 P.2d 532 (1976).

The judgment is affirmed.

GREER and KLEINSCHMIDT, JJ., concur.