NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

JAMES R. BAUM AND MYRA W. BAUM TRUST

JAMES R. BAUM IRREVOCABLE TRUST

JAMES R. BAUM AND MYRA W. BAUM IRREVOCABLE TRUST

JAMES R. BAUM 2003 IRREVOCABLE TRUST

JAMES R. BAUM

DEBRA HOLT, *Petitioner/Appellee-Cross Appellant,*

*v.*

MYRA BAUM, et al., *Defendants/Appellants-Cross Appellees.*

No. 1 CA-CV 18-0744
FILED 3-19-2020

Appeal from the Superior Court in Maricopa County
No. PB2012-002237
The Honorable Amy Michelle Kalman, Judge *Pro Tempore*
The Honorable Margaret B. LaBianca, Judge

**JURISDICTION ACCEPTED IN PART; RELIEF GRANTED IN PART**

COUNSEL

Andersen PLLC, Scottsdale
By Mark E. Andersen, Samantha Garber Stirling
*Counsel for Defendants/Appellants/Cross-Appellees Jordan Lotsoff, Maureen Hardy, Rebecca Lotsoff and Phillip Lotsoff*

Alexander R. Arpad, Phoenix
*Counsel for Defendant/Appellant/Cross-Appellee Myra Baum*

Asimou & Associates, PLC, Phoenix
By Thomas G. Asimou, Meagan M. Pollnow
*Co-Counsel for Petitioner/Appellee/Cross-Appellant Debra L. Holt*

Nearhood Law Offices, PLC, Scottsdale
By Laura M. Stover
*Co-Counsel for Petitioner/Appellee/Cross-Appellant Debra L. Holt*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Diane M. Johnsen joined.[1]

**T H U M M A**, Judge:

¶1        In 2016, a co-trustee issued a subpoena duces tecum seeking documents from the trust's accountant. The other co-trustee objected on various grounds, including claiming compliance could be an undue burden costing as much as $6,000. That modest start spawned hundreds of pages of motion practice leading to the denial of a motion to compel, a second subpoena following a petition for final distribution and termination of the

---

[1]Judge Johnsen was a sitting member of this court when the matter was assigned to this panel of the court.  She retired effective February 28, 2020.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge pro tempore in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

trust, more motion practice leading to the grant of a motion to quash and awards of about $100,000 in attorneys' fees.

¶2          In late 2018, this court was invited to review the superior court's orders on the two subpoenas and to award more fees. Because the final judgments appealed from were improperly issued, this court treats the appeals and cross-appeals as seeking special action relief, accepts jurisdiction in part as discussed below and grants relief in part.

## FACTS AND PROCEDURAL HISTORY

¶3          Myra and James Baum were married for 28 years before James died in July 2012. They had no children together, but each had children from prior marriages. Debra Holt, Valerie Hanna and Jeffrey Baum are James' children. Rebecca, Jordan and Phillip Lotsoff and Maureen Hardy are Myra's children. Myra and James amassed significant wealth during their lives, resulting in estate-planning efforts that include multiple trusts and a limited partnership. Myra and James were co-trustees of the James R. Baum and Myra W. Baum Trust u/a/d January 11, 1984 (1984 Joint Trust) until James died. Debra then became co-trustee, along with Myra, of the 1984 Joint Trust. Debra also became trustee of other trusts and managing general partner of the partnership.

¶4          The relationship between Myra and Debra appears strained. By November 2012, Debra filed a petition to remove Myra as co-trustee of the 1984 Joint Trust. During settlement conferences in 2014, various agreements may have been reached, although the parties dispute aspects of those purported agreements, both here and in a declaratory judgment petition pending in superior court. This decision need not (and expressly does not) address or resolve any of those disputes. For now, it is sufficient to acknowledge that the settlement conferences occurred where certain representations were made, the superior court denied Debra's 2012 petition to remove Myra as co-trustee without prejudice and, after the settlement conferences, the superior court retained jurisdiction to resolve resulting disputes.

¶5          In June 2016, Myra issued a subpoena duces tecum to the 1984 Joint Trust's accountant that, as later clarified and narrowed, sought documents regarding four life insurance policies alleged to benefit the 1984 Joint Trust. Debra objected, the accountant did not respond, and Myra moved to compel a response to the 2016 subpoena. Debra cross-moved to quash, filed a supplemental petition to remove Myra as co-trustee and sought attorneys' fees and costs. Debra claimed the documents sought by

the 2016 subpoena were irrelevant given the 2014 settlement conferences and that compliance would be "unreasonable, burdensome and duplicative," noting it might cost as much as $6,000 to comply. In denying Myra's motion to compel, the superior court found Myra either was or should have been aware of the insurance policies before the 2014 settlement conferences, meaning the documents sought were not relevant to the then-pending proceedings. The court denied as moot Debra's cross-motion to quash.

¶6         Finding it unreasonable for Myra to pursue discovery of the insurance policies, the court imposed as a sanction $48,000 in attorneys' fees and costs against Myra and in favor of Debra, citing Arizona Revised Statutes (A.R.S.) sections 12-349(A)(3), 12-341.01, 14-1105(A) and 14-10805 (2020).[2]

¶7         In March 2017, the court granted Debra's petition to remove Myra as co-trustee of the 1984 Joint Trust. Starting in May 2017, Myra's son Jordan attempted to succeed Myra as co-trustee, an attempt the court apparently rejected in August 2019. The merits of that endeavor are the subject of a separate appeal.

¶8         In July 2017, Debra filed a petition for final distribution and termination of the 1984 Joint Trust. Debra listed more than $5,000,000 to be distributed and, as trustee, sought a release and discharge from all potentially interested parties, including Myra and her children Maureen, Rebecca, Jordan and Phillip (the Children). Myra, the Children and Jordan as putative co-trustee filed objections to Debra's petition.

¶9         A few weeks later, the Children served a subpoena duces tecum on the 1984 Joint Trust's accountant. This 2017 subpoena sought "any and all records" of the 1984 Joint Trust, the other trusts, and the partnership, from 2009 forward. Debra moved to quash, arguing the 2017 subpoena sought "the same and/or substantially similar discovery that Myra" sought in the 2016 subpoena and that such discovery was barred by agreements reached at the 2014 settlement conferences, issue/claim preclusion and law of the case. Debra's motion also asked that the settlement judge "Interpret and/or Enforce the" 2014 settlement conferences to find the Children "are not 'Interested Persons,'" and sought an award of attorneys' fees and costs.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶10 Jordan as putative co-trustee, joined by Myra and the Children, opposed the motion to quash, arguing Debra's petition for final distribution and termination, and the resulting objections, "effectively commenc[ed] a contested proceeding" authorizing discovery. Debra moved to strike Myra's joinder, arguing the 2017 subpoena was barred "for the same reasons" as set forth in the order denying Myra's motion to compel enforcement of the 2016 subpoena.

¶11 After briefing and oral argument, the court granted Debra's motion and struck Myra's joinder. The court found the interests of Myra and the Children do "not materially conflict," and that they all were bound by the 2014 settlement conferences. The court also concluded that Debra's petition for final distribution and termination, and the objections, did not re-open discovery foreclosed by the ruling denying Myra's motion to compel enforcement of the 2016 subpoena. "That [Debra] has petitioned regarding distribution and termination does not re-awaken claims or disputes already resolved." Citing its ruling on the 2016 subpoena, the court also granted Debra's motion to strike Myra's joinder and awarded Debra attorneys' fees and cost against the Children under A.R.S. § 14-1105(A).

¶12 Debra lodged a proposed order and judgment reflecting these rulings, citing Ariz. R. Civ. P. (Rule) 54(b), which the court entered in June 2018. Myra and the Children filed a timely motion for new trial, challenging the Rule 54(b) certification. After briefing and oral argument, the court denied the motion for new trial and denied Debra's request for an award of additional fees.

¶13 After more briefing, the court denied Debra's request for an award of fees against Myra in connection with the 2017 subpoena ("as [Myra's joinder was] not the subject of this Court's order and attorney's fees were not requested"), but awarded $51,882.59 in fees against the Children and in favor of Debra. Debra lodged a proposed judgment reflecting these rulings, citing Rule 54(b), which the court entered in October 2018.

¶14 Myra and the Children filed timely notices of appeal from the Rule 54(b) judgments and the denial of their motion for new trial, and Debra filed a timely cross-appeal from the denial of her request for an award of additional fees.

## DISCUSSION

### I.  Jurisdiction.

**¶15**       The parties dispute whether the superior court properly certified the rulings at issue as partial final judgments under Rule 54(b). This court has an independent obligation to determine whether it has appellate jurisdiction. *Robinson v. Kay*, 225 Ariz. 191, 192 ¶ 4 (App. 2010). If appellate jurisdiction is lacking, this court may in its discretion accept special action jurisdiction. *Id.* at 193 ¶ 7; *see also* A.R.S. § 12-120.21(A)(4); Ariz. R.P. Spec. Act. 1(a).

> If an action presents more than one claim for relief . . . or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 54(b).

Ariz. R. Civ. P. 54(b). Stated simply, entry of a Rule 54(b) judgment requires (1) final resolution of at least one claim against all parties or all claims against one party and (2) the need to appeal that resolution sooner rather than later. The orders leading to the judgments appealed from here failed both requirements.

**¶16**       The rulings did not resolve Debra's petition for final distribution and termination of the 1984 Joint Trust, which remains pending in the superior court. The rulings did not resolve claims for relief regarding the outcome of the 2014 settlement conferences, the terms of which are still being litigated with superior court. Finally, the rulings on discovery disputes did not finally resolve any claim for relief as to any party. Accordingly, the judgments here do not satisfy this aspect of Rule 54(b).

**¶17**       Similarly, "[t]he phrase 'no just reason for delay' in Rule 54(b) means that 'there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Pulaski v. Perkins*, 127 Ariz. 216, 218 (App. 1980) (citation omitted). Accordingly, Rule 54(b) judgments should be entered only where "hardship or injustice would result from a delay in entering a final judgment." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53 ¶ 19 (1999). Because the rulings here do not meet this requirement, the resulting judgments also fail to do so.

¶18     For these reasons, the Rule 54(b) certifications are vacated,[3] meaning this court lacks appellate jurisdiction. *See Brumett v. MGA Home Healthcare, LLC*, 240 Ariz. 421, 429 ¶13 (App. 2016) (requiring compliance with Rule 54(b) or (c) to be appealable under A.R.S. § 12-2101(A)(9)). Nevertheless, for the rulings refusing to enforce the 2016 and 2017 subpoenas, and the corresponding fee awards, "the parties have fully briefed and argued the issues, the superior court has ruled on the claims, and the non-final issues would likely be raised on appeal after a final judgment." *Dabrowski v. Bartlett*, 246 Ariz. 504, 512 ¶ 15 (App. 2019). Accordingly, under these comparatively unique circumstances, this court will sua sponte exercise its discretion to accept special action jurisdiction over those rulings. *See, e.g.*, *Danielson v. Evans*, 201 Ariz. 401, 411 ¶ 35 (App. 2001).[4]

## II.     The Court Erred in Denying Myra's Motion to Compel Compliance With the 2016 Subpoena.

¶19     The superior court's rulings on discovery matters will not be disturbed absent an abuse of discretion. *Braillard v. Maricopa Cty.*, 224 Ariz. 481, 497 ¶ 52 (App. 2010). This court, however, reviews de novo issues of law implicated in discovery rulings. *See Catrone v. Miles*, 215 Ariz. 446, 454 ¶ 23 (App. 2007).

¶20     The 2016 subpoena was directed to the 1984 Joint Trust's accountant and sought documents related to that trust. Myra served the 2016 subpoena as co-trustee of the 1984 Joint Trust. As a co-trustee, she had various rights and duties, including to "take reasonable steps to take control of and protect the trust property," A.R.S. § 14-10809, and to "keep adequate records of the administration of the trust," A.R.S. § 14-108010(A). As co-trustee, Myra also was a client of the trust's accountant. For that reason, it would appear that Myra would have had a right to ask for and obtain

---

[3] The judgments, which were entered as submitted by Debra's counsel, also contain pages of factual and procedural recitations, contrary to the admonition in a different subpart of Rule 54. *See* Ariz. R. Civ. P. 54(a).

[4] This discretionary exercise of special action jurisdiction does not extend to the superior court's order that the Children are bound by the agreements reached at the 2014 settlement conferences. Because this court does not accept special action jurisdiction over that ruling, it remains an interlocutory superior court decision not yet subject to appeal.

documents from the trust's accountant without the need for a subpoena. The trust's accountant, however, did not respond to the 2016 subpoena.

¶21 Debra objected to the 2016 subpoena, claiming the 2014 settlement conferences precluded Myra from obtaining the documents sought and that the subpoena was duplicative, unreasonable and burdensome. The 2014 settlement conferences, however, did not cause the removal of Myra as co-trustee, and Debra has not shown how they precluded Myra as co-trustee from securing trust documents from the trust's accountant.

¶22 Similarly, Debra's objections and the resulting order denying Myra's motion to compel use a litigation standard, citing procedural rules, not a trust administration standard directed by statute. *Compare* Ariz. R. Civ. P. 26(b) (permitting discovery of any nonprivileged matter that is relevant), *with* A.R.S. § 14-10813(A) (mandating a trustee keep qualified beneficiaries reasonably informed unless trustee determines it is unreasonable). Nowhere does the order address the necessity of Myra's obtaining such information as co-trustee from a trust administration perspective. That omission occurred even though the order noted the subpoena was issued at the direction of Myra as co-trustee and that she claimed "she does not have all the information regarding policies and other important matters related to the assets of the 1984" Joint Trust.

¶23 On this record, as co-trustee of the 1984 Joint Trust, Myra had a right to seek information from the trust's accountant, including information sought in the 2016 subpoena, particularly as that subpoena was later clarified and narrowed. Accordingly, the denial of her motion to compel compliance with the 2016 subpoena was error and is vacated. For these same reasons, it was not "unreasonable" for Myra to seek this information, meaning the sanction of $48,000 in attorneys' fees and costs against Myra and in favor of Debra is vacated.

¶24 Having vacated those rulings, from the record presented, there is no need for remand to further consider the 2016 subpoena. Myra is no longer a co-trustee. Moreover, albeit in a different capacity, Myra joined the 2017 subpoena seeking comparable information. As a result, the 2016 subpoena is moot. Having vacated the order denying Myra's motion to compel compliance with the 2016 subpoena and vacated the order imposing a sanction of $48,000 in attorneys' fees and costs against Myra and in favor of Debra, once such sums paid are refunded by Debra to Myra, no further judicial action is necessary or appropriate regarding the 2016 subpoena.

### III. The Court Erred in Granting Debra's Motion to Quash the 2017 Subpoena.

¶25        Debra's July 2017 petition sought an order approving final distribution and termination of the 1984 Joint Trust, as well as a release of liability from Myra, the Children and all other potentially interested parties. When Myra and the Children filed objections to that petition, the matter became a "contested probate proceeding." Ariz. R. Probate P. 27 (2017).[5] As parties to a contested probate proceeding, Myra and the Children had a right to obtain discovery on "disputed facts and issues raised in the petition and the objection thereto." *Id.* The Children sought to do so by serving the 2017 subpoena duces tecum on the 1984 Joint Trust's accountant.

¶26        In moving to quash the 2017 subpoena, Debra argued it was substantially similar to the 2016 subpoena and that it sought discovery barred by the 2014 settlement conferences, issue/claim preclusion and law of the case. The order quashing the 2017 subpoena found the Children were revocable remainder beneficiaries bound by Myra's involvement in "the April 8, 2014 Settlement Agreement." Referring to its earlier refusal to compel the accountant to respond to the 2016 subpoena, the court noted it "has already ruled that claims that the 1984 [Joint] Trust did not receive all assets it should have were resolved by" the 2014 settlement conferences "and discovery to support such claims is irrelevant."

¶27        Contrary to this ruling, however, the minute entry from the April 8, 2014 settlement conference expressly states that the court "shall retain jurisdiction to handle any disputes that may arise out of the settlement agreement." Thus, the suggestion that the 2014 settlement conferences barred any party from ever challenging the administration of the trust is contrary to the minute entry from that settlement conference itself. Moreover, the reference to the April 8, 2014 settlement conference does not account for subsequent settlement conferences in June and July 2014.

¶28        Debra has not shown that the 2014 settlement conferences collectively barred discovery on her petition for final distribution and termination of the trust. The order granting the motion to quash expressly notes the Children's assertion that they needed the documents to ensure the

---

[5] The Arizona Rules of Probate Procedure were amended during these proceedings; this court cites the version of those rules in place at the time of the relevant motion practice.

1984 Joint Trust received the assets to which it had a claim of right. In short, whatever the terms of any 2014 settlement conferences might have been, it did not bar all discovery of any type once Debra's 2017 petition became a contested proceeding.

**¶29**        Along with being parties to a contested proceeding and entitled to seek discovery relevant to Debra's 2017 petition, the Children argue that they are "qualified beneficiaries" entitled to be informed about the contents of the trust. *See* A.R.S. § 14-10813; *see also* A.R.S. 14-10103(14) (defining "qualified beneficiary"). Debra disputes the Children's contention, but this court need not resolve the issue because Debra's petition avowed the Children are, at very least, potentially interested persons to whom she provided "notice of all pleadings filed in this proceeding from 2012" forward. *See* A.R.S. § 14-1201(33) (defining "interested person"); *see also id.* § 14-1201(26) ("'Formal proceedings' means proceedings that are conducted before a judge with notice to interested persons."). More broadly, Debra's petition seeks an order releasing and discharging her as trustee from all claims of potentially interested parties, including the Children. Given the relief that Debra sought as to the Children, the Children should be able to pursue relevant discovery on issues raised in her petition, particularly after having filed objections that make this a contested proceeding affording them a right to discovery. *See* Ariz. R. Prob. P. 27.

**¶30**        The Children properly could seek discovery on issues relevant to Debra's 2017 petition and Debra did not show that all the documents sought by the 2017 subpoena were irrelevant to disputed issues related to her petition.[6] Accordingly, the order granting Debra's motion to quash the 2017 subpoena is vacated. For these same reasons, and, having vacated the court's denial of Myra's motion to compel compliance with the 2016 subpoena, the order striking Myra's joinder in the Children's response to Debra's motion to quash is vacated. As a result, the corresponding award

---

[6] The 2017 subpoena was broad, both temporally and in the scope of materials sought. In granting the motion to quash in its entirety, the superior court did not determine whether the subpoena should be narrowed in any way so that the Children could receive responsive non-privilege documents relevant to issues raised by Debra's 2017 petition. This court defers to the superior court to make that determination in the first instance following the issuance of this decision. *See Jolly v. Superior Court*, 112 Ariz. 186, 191 (1975) ("[T]he courts have, on limited occasions, restricted discovery on grounds of irrelevancy.").

of attorneys' fees and costs totaling $51,882.59 against the Children and in favor of Debra likewise is vacated.

## IV. Debra Has Failed to Show Any Error in the Denial of Her Request for Additional Fees.

¶31    Debra's cross-appeal argues the superior court erred in failing to award her additional fees in responding to the motion for new trial, an issue this court reviews for an abuse of discretion. *Klesla v. Wittenberg*, 240 Ariz. 438, 441 ¶ 12 (App. 2016). Although Debra asserts the Children's conduct in objecting to a Rule 54(b) judgment was "unreasonable" under A.R.S. § 14-1105, she has failed to support that argument with authority or otherwise show that the court abused its discretion in declining to award her additional fees.

## V. Attorneys' Fees on Appeal.

¶32    Myra, the Children and Debra each request attorneys' fees and costs on appeal. Myra and the Children request fees and costs pursuant to A.R.S. §§ 12-341.01, 12-342 and 14-11004(B). Myra and the Children also request that Debra be denied reimbursement of her fees and costs incurred on appeal from the 1984 Joint Trust under A.R.S. §§ 14-10805 and -11004(A). Debra requests her fees and costs on appeal pursuant to A.R.S. §§ 12-349, 12-341.01 and 14-1105.

¶33    This court declines to award Debra her attorneys' fees and costs on appeal, as she is not the successful party. The request by Myra and the Children to prevent Debra from reimbursing herself from the assets of the 1984 Joint Trust for her fees and costs incurred on appeal is denied, without prejudice to the superior court's final distribution orders. Myra and the Children are awarded their reasonable attorneys' fees and taxable costs incurred here pursuant to A.R.S. §§ 12-341 and 14-11004(B), contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21(b).

**CONCLUSION**

¶34      The putative Rule 54(b) judgments are vacated and, in its discretion, this court accepts special action jurisdiction over the challenges to the orders (1) denying Myra's motion to compel compliance with the 2016 subpoena, (2) granting Debra's motion to quash the 2017 subpoena and her motion to strike Myra's joinder, (3) the related orders awarding attorneys' fees and costs and (4) the order denying Debra's motion for an award of additional attorneys' fees in responding to Myra's motion for new trial.

¶35      Having accepted special action jurisdiction over these matters, the court grants the following relief:

- The order denying Myra's motion to compel compliance with the 2016 subpoena is vacated and the order imposing as a sanction $48,000 in attorneys' fees and costs against Myra and in favor of Debra is vacated.

- The order granting Debra's motion to quash the 2017 subpoena is vacated; the order striking Myra's joinder in the Children's response to Debra's motion to quash the 2017 subpoena is vacated; and the order awarding $51,882.59 in attorneys' fees and costs against the Children and in favor of Debra is vacated.



AMY M. WOOD • Clerk of the Court
FILED:  AA

12