**James W. DICKEY, Appellant,**

v.

**KAISER ALUMINUM & CHEMICAL SALES, INC., Appellee.**

**No. 18311.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1960.

Louis A. Sabatino, Miami, Fla., for appellant.

H. N. Boureau, Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

Kaiser Aluminum & Chemical Sales, Inc., the appellee, herein sometimes called Kaiser, procured a judgment on May 8, 1957, for $38,502.86 against James W. Dickey, the appellant, who will be referred to as Dickey, in the United States District Court for the Northern District of Ohio. In a diversity action for malicious prosecution brought by Dickey against Kaiser a claim for $500,-000 was asserted for damages to credit and for embarrassment resulting from the alleged wrongful proceedings taken by Kaiser in attempting to collect its judgment. The district court dismissed Dickey's amended complaint and he has appealed.

Much of the complaint is devoted to an attack upon the judgment entered in Ohio, it being asserted that the service obtained was improper and invalid. These questions are not before us. In the Ohio case Dickey filed motions to set aside the judgment against him and to quash the service upon him. The motions were overruled, Dickey appealed and the appeal was dismissed. Dickey v. Kaiser Aluminum & Chemical Sales, Inc., 6 Cir., 1958, 261 F.2d 836. The judgment is valid and binding. No collateral attack upon it can prevail upon the grounds set forth and there is no malice to be imputed to Kaiser because it procured the judgment. Kaiser has a legal right to attempt to collect the judgment by all lawful means.

Dickey alleges three instances of Kaiser's efforts to collect which he says are abuse of process. It is stated that Kaiser had a writ of garnishment issued and served on The First National Bank of Miami, Florida, garnisheeing the bank account of Dickey and his wife, held as an estate by the entireties and as such not subject to garnishment. The bank, Dickey alleges, held the funds in the joint account under the writ and since the garnishment the wife of Dickey has been denied the use of the funds. Whether or not a bank deposit in the names of husband and wife is an estate by the entireties and not subject to garnishment for the debts of either is a question dependent upon all of the facts and circumstances of the particular case. Winters v. Parks, Fla., 91 So.2d 649; In re Estate of Lyons, Fla., 90 So.2d 39, 64 A.L.R.2d 1. Whether or not the bank deposit was subject to garnishment could be and should have been determined in the state court garnishment proceeding. Fla.Stat.Ann. § 77.07. This was not, apparently, so determined during the period of nearly a year and a half between the garnishment on June 26, 1957, and

the filing of the complaint in this cause on December 8, 1958.

By the Supreme Court of Florida, it has been said,

"Malicious prosecution, a very ancient action, regarded as a remedy, is a distinctive action ex delicto for the recovery of damages to person, property, or reputation, shown to have proximately resulted from a previous civil or criminal proceeding, which was commenced or continued without probable cause, but with malice, and which has terminated unsuccessfully. * * *

"An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action." Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623, 626.

We think it must necessarily be said that the complaint shows that there had not been a termination of the garnishment proceeding either for or against Dickey at the time of his suit against Kaiser. This being so, Dickey failed to state a claim and his complaint was properly dismissed. We do not find it necessary to decide whether the complaint is sufficient with respect to the other elements of the cause of action for malicious prosecution.

Requiring little notice are the averments in the complaint that Kaiser caused writs of garnishment to be served on two social clubs, the Surf Club and the Bath Club, of which Dickey was a member. It does not appear that social clubs are immune from garnishment nor that the affidavits upon which the writs were based were known by Kaiser to be false.

Other matters of which the appellant complains in his brief which are not shown by the record cannot be considered.

The judgment of the district court is Affirmed.