597 P.2d 987

**HILL BROTHERS CHEMICAL
COMPANY, a California
Corporation, Appellant,**

v.

**Andy GRANDINETTI and Jane Doe Gran-
dinetti, dba Andy's Tile Company, and
Manuel Encinas and Jane Doe Encinas,
dba J. R. Pool Plastering, Appellees.**

**HILL BROTHERS CHEMICAL
COMPANY, a California
Corporation, Appellant,**

v.

**WESTERN CASUALTY AND SURETY
COMPANY, Appellee.**

Nos. 1 CA-CIV 3801, 1 CA-CIV 3932.

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 4, 1979.

Rehearing Denied Feb. 8, 1979.

Review Denied Feb. 27, 1979.

Moore & Romley by Roger T. Hargrove, Phoenix, for appellant.

Craig & Rich by Harry E. Craig, Phoenix, for appellees Grandinetti and Encinas.

Renaud, Cook & Videan, P. A. by Bradley J. Walsh, Phoenix, for appellee Western Cas. & Sur. Co.

## OPINION

HAIRE, Presiding Judge.

This consolidated appeal illustrates some of the frustrating procedural problems that a contractor's creditor may face in a race-to-judgment situation under A.R.S. § 32-1152 D. Western Casualty and Surety Company (Western Casualty) filed this interpleader action on August 24, 1976. Named as defendants were various creditors of Morley Swimming Pool Construction, Inc. (Morley). The defendants included the appellant, Hill Brothers Chemical Company (Hill Brothers), and the appellees in 1 CA–CIV 3801, who are referred to herein as Grandinetti and Encinas. Western Casualty's complaint alleged that it was the surety on Morley's $10,000 contractor's license bond that had been filed with the Registrar of Contractors pursuant to A.R.S. § 32–1152. It further alleged that Morley had ceased business on August 6, 1976, leaving unpaid numerous suppliers of labor and materials who now had claims against the surety bond. The complaint requested that the court determine the respective rights of Morley's creditors to the bond proceeds. With the filing of the complaint Western Casualty deposited into court the full penal sum of the bond.

Prior to the filing of the interpleader action, several of Morley's creditors, including Hill Brothers, Grandinetti and Encinas, had instituted actions against Morley and Western Casualty for recovery under the bond of sums respectively due them. In order to understand what happened in the interpleader action and what is now at issue on appeal it is necessary to review briefly the history of two of these separate actions.

## THE HILL BROTHERS ACTION

Hill Brothers commenced its action against Morley and Western Casualty on August 6, 1976, the day Morley ceased business. Because Western Casualty is a foreign insurer, service upon it was accomplished on August 9th by the service of the summons and complaint upon the Director of Insurance, in accordance with A.R.S. § 20–221 B.

Western Casualty served its answer by mail on September 17, 1976. The answer alleged that other judgments had already been obtained against it in amounts in excess of the bond, and Western Casualty therefore raised the defense of prior exhaustion.

On September 20th, Hill Brothers moved for summary judgment against Western Casualty, supporting its motion with an affidavit and other material. Western Casualty received this motion that same day, and a hearing on the motion was set for ten days thereafter. At the hearing, on September 30th, Hill Brothers obtained a judgment for $9,445.40. This judgment was made subject to further order in the interpleader action, which had been initiated by Western Casualty on August 24th.

## THE GRANDINETTI AND ENCINAS ACTION

Grandinetti and Encinas, who were also claimants against Morley and the surety bond, joined as plaintiffs and obtained the issuance of a summons against Western Casualty on August 13, 1976. This was one week after the commencement of the Hill Brothers' action. Service was not accomplished upon the Director of Insurance, however, but upon an assistant claims manager in Western Casualty's Phoenix office. On August 24th, Western Casualty filed a motion to dismiss the complaint based upon insufficiency of service of process. The matter was set for hearing on September 3rd, and at that hearing Western Casualty was given permission to supply the court with a legal memorandum in support of its position regarding the sufficiency of service. Grandinetti and Encinas also delivered to Western Casualty on September 3rd a copy of a motion for summary judgment which was later filed with the court.

On September 8th Western Casualty filed its memorandum. On the same day Grandinetti and Encinas filed their motion for summary judgment, and the court by minute entry dated September 8th denied Western Casualty's motion to dismiss.[1] Grandinetti and Encinas filed a notice on September 9th setting the hearing on the motion for summary judgment for September 14th. At the hearing counsel for Western Casualty made no objections and agreed that judgment could be entered against it. Accordingly, judgment was entered and filed on September 14th in an amount totalling $8,786.40.

## THE INTERPLEADER ACTION

These two separate judgments had been obtained shortly after the filing of the interpleader action. Western Casualty responded to several motions to dismiss the interpleader by requesting that the interpleader continue for the purposes of determining the validity and priority of the judgments.

For its part, Hill Brothers filed in the interpleader a cross-claim against Grandinetti and Encinas. The cross-claim asserted that the earlier judgment of Grandinetti and Encinas against Western Casualty had been obtained in an irregular and improper manner, and that therefore the judgment in favor of Hill Brothers, although later in time, should be entitled to priority. Grandinetti and Encinas moved to dismiss the cross-claim on the basis that it constituted an impermissible collateral attack on their judgment. The motion to dismiss the cross-claim was granted and judgment was entered on November 26, 1976. This judgment contained the finality certification required by Rule 54(b), Arizona Rules of Civil Procedure. Hill Brothers filed its notice of appeal from the dismissal on January 24, 1977, and this is the basis of appeal number 1 CA-CIV 3801 now before this Court.

Following the dismissal of Hill Brothers' cross-claim, Grandinetti and Encinas filed on December 6, 1976, their motion for summary judgment in the interpleader against Western Casualty. The motion asserted that the priority of their claim to the bond proceeds was conclusively established by the date of their judgment.[2] Hill Brothers opposed the motion,[3] Western Casualty did

---

1. Also by minute entry of September 8th the court granted summary judgment for Grandinetti and Encinas. The irregularity of this action was apparently recognized by all parties, as it was deleted *nunc pro tunc* by minute entry of September 16, 1976.

2. Yet another judgment against Western, for $2,427.05, had been obtained by another party on September 13, 1976. This judgment, along with the Grandinetti and Encinas judgment, would completely exhaust the bond.

3. The opposition of Hill Brothers was based on the merits of its claim to priority. It did not

explicitly argue to the trial court that the granting of the motion of Grandinetti and Encinas might prejudice its rights to appeal the earlier dismissal of its cross-claim. Inasmuch as the appeal from the dismissal of the cross-claim was not perfected until after the trial court had ruled on the motion for summary judgment, we need not consider whether an earlier appeal might have affected the jurisdiction of the trial court to rule on the summary judgment motion. *But compare, Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974) *with Zuckerman-Vernon Corp. v. Zelikoff*, 323 So.2d 585 (Fla.App.1975) *and Gieselmann v. Stegeman*, 470 S.W.2d 522 (Mo.1971).

not. The motion was granted and judgment was thereafter entered in favor of Grandinetti and Encinas and against Western Casualty on December 23, 1976. No appeal was ever taken from this judgment.

Thereafter Western Casualty moved for summary judgment against all other claimants in the interpleader action, including Hill Brothers. As grounds for summary judgment Western Casualty asserted the prior exhaustion of the bond by reason of the December 23rd judgment of Grandinetti and Encinas. Summary judgment in favor of Western Casualty was granted on March 29, 1977. The appeal in 1 CA–CIV 3932 is brought by Hill Brothers from this judgment.

In this consolidated appeal the assertions made by appellant Hill Brothers can be summarized as follows: (1) that Western Casualty may not rely upon the prior exhaustion of the bond by reason of the Grandinetti and Encinas judgment of September 14, 1976, because this judgment is void and was obtained in irregular proceedings with the acquiescence of Western Casualty and to the prejudice of the appellant; and (2) appellant is entitled to priority over the judgment of Grandinetti and Encinas because their judgment is void or, alternatively, because equitable principles entitle appellant to relief from the effect of the Grandinetti and Encinas judgment.

■ The relative rights of claimants to the kind of bond involved in this case are governed by A.R.S. § 32–1152 D, which prior to its amendment in 1978 provided in pertinent part that a claimant "may maintain an action at law against the contractor and the surety . . . and the surety bond . . . may be sued upon in successive actions until the full amount thereof is exhausted." When there is more than one claimant, and the multiple claims will exhaust the bond, priority to the amount of the bond is not determined on a pro-rata basis, nor does it depend upon when actions making claim to the bond proceeds are filed. Instead, priority is established by the sequence of judgments. *Hartford Accident*

*& Indemnity Co. v. Phoenix Sand & Rock, Inc.*, 116 Ariz. 366, 569 P.2d 308 (App.1977); *Husky v. Lee*, 2 Ariz.App. 129, 406 P.2d 847 (1965).

When Morley went out of business its creditors recognized that they needed to race against each other to obtain judgments, since the first creditor to obtain a judgment against the surety would prevail to the exclusion of the others. Hill Brothers was ahead in the race at the outset because it filed its complaint first. It fell behind, however, because it adhered to the rules of the race.

Arizona has certain statutes regarding the initiation of an action against a surety company in the position of Western Casualty, a foreign insurer. A.R.S. § 20–221 provides in pertinent part that:

"A. Each authorized insurer shall appoint the director [of insurance] as its attorney to receive service of legal process issued against it in this state. * *

"B. Service of such process against a foreign or alien insurer shall be made only by service of process upon the director."

A.R.S. § 20–222 further provides that:

"B. Where process is served upon the director as an insurer's attorney, no further proceedings shall be had against the insurer, and the insurer shall not be required to appear, answer or plead until expiration of forty days after date of such service upon the director."

By the terms of these statutes, Hill Brothers could take no further action against Western Casualty for 40 days after the filing and service of its complaint on August 9th. Western Casualty filed its answer to Hill Brothers' complaint shortly after this period ended, but Grandinetti and Encinas had obtained a judgment against Western Casualty in the interim.

Grandinetti and Encinas had not followed the statutory procedures quoted above for service of process upon a foreign insurer; it

had instead directly served an assistant claims manager in Western Casualty's Phoenix office. This service was made on August 13, 1976. Western Casualty moved to dismiss on August 24th, on the basis of lack of compliance with A.R.S. § 20–221 B. Grandinetti and Encinas responded with the assertion that the statute had been modified by Rule 4(d), Arizona Rules of Civil Procedure, and that the rule authorized service in this manner. The trial court refused to dismiss, and summary judgment was subsequently granted on September 14th.

 It has subsequently become clear that the trial court's denial of Western Casualty's motion to dismiss was erroneous. Shortly after the trial court's action, this Court announced its decision in a case presenting the same arguments regarding the interplay between A.R.S. § 20–221 B and Rule 4(d). In *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 560 P.2d 441 (App.1977) this Court held that service upon a foreign insurance company could only be made by service upon the Director of Insurance pursuant to A.R.S. § 20–221 B. Western Casualty did not appeal from the trial court's ruling or the subsequent judgment, however, and any defect in service was waived by the time the judgment became final. Contrary to the contentions of the appellant, if a defendant has appeared and been given a full opportunity to defend then defects in service of process do not render the judgment void and subject to subsequent attack. *See generally Dickey v. Kaiser Aluminum & Chemical Sales, Inc.*, 286 F.2d 137 (5th Cir. 1960); *Baird-Gatzmer Corp. v. Henry Clay Mining Co.*, 131 W.Va. 793, 50 S.E.2d 673 (1948); *Hirst v. Cramer*, 195 S.W.2d 738 (Mo.1946).

 Appellant contends that even if the judgment obtained by Grandinetti and Encinas is not void, the subsequent judgment obtained by the appellant should nevertheless be entitled to priority to the bond proceeds. Given the circumstances under which these two competing judgments were obtained, there may be some merit to this contention. This Court certainly does not wish to condone the application of different sets of procedural rules for two similarly situated bond claimants. Nevertheless, in the present posture of this case it would be futile for the Court to consider appellant's claim to priority. Aside from the claim that its judgment should be preferred over theirs with respect to the bond proceeds, appellant does not assert any claim for direct relief against Grandinetti and Encinas. The clerk of the superior court has already paid out the proceeds of the bond to Grandinetti and Encinas pursuant to the trial court's judgment and order of December 22nd in the interpleader action, which granted them judgment against Western Casualty on the bond.[4] Appellant was a named party in the interpleader litigation, and opposed the motion for summary judgment in the trial court. This judgment was made final pursuant to Rule 54(b), Arizona Rules of Civil Procedure. No appeal was taken although appellant was entitled to do so. *See* Rule 1, Arizona Rules of Civil Appellate Procedure. Clearly appellant was an aggrieved party to a final judgment granting to another party the proceeds of a bond to which appellant also made claims. The issue of priority to interpleaded funds cannot survive beyond a final judgment granting those funds to one of the parties. Although appellant properly appealed from the November 26, 1976 order dismissing its cross-claim, this appeal was rendered moot by the subsequent judgment of December 23rd from which no appeal was taken.[5]

---

4. As appellee Western Casualty correctly points out, Hill Brothers could have taken steps to obtain this Court's order preventing the payment of the proceeds to Grandinetti and Encinas had it filed its notice of appeal earlier. *See also* footnote 3, *supra*.

5. The procedural barriers foreclosing consideration of the merits of Hill Brothers' priority

arguments would never have arisen had the trial court declined to grant Rule 54(b) finality certification to each of its major rulings in this case. The parties do not raise this point as error, and there may have been good reasons for certification under the particular facts of this case. Nevertheless, this Court is becoming increasingly concerned with the apparent willingness of trial courts to grant such certifica-

Appellant also asserts that the trial court's order of March 29, 1977, giving judgment in favor of Western Casualty was erroneous. The basis of this order, which terminated the interpleader, was that the prior judgments had exhausted the bond and that Western Casualty's liability had therefore been discharged. Appellant asserts that Western Casualty may not rely on the defense of prior exhaustion because (1) the judgment of Grandinetti and Encinas is void and (2) Western Casualty did not act in good faith and acquiesced in irregular proceedings used by Grandinetti and Encinas to obtain an early judgment. We have already concluded that the improper service of process did not render void the judgment obtained by Grandinetti and Encinas.

In support of its assertion that Western Casualty should be denied the defense of prior exhaustion, appellant does not point to any explicit act of fraud or collusion with other bond claimants. Instead, it asks this Court to infer bad faith from Western Casualty's apparent lack of zeal in opposing the efforts of Grandinetti and Encinas to bypass the requirements of service of process on the Director of Insurance. As further support for an inference of bad faith appellant points to the fact that Western Casualty "stipulated" to judgment against it and in favor of Grandinetti and Encinas on September 14, 1976, in the separate action initiated prior to the interpleader.

It would not seem that any bad faith can be inferred from Western Casualty's failure to oppose on the merits the claims made by Grandinetti and Encinas. Throughout this rather complex series of litigation Western Casualty adhered to the position that it was liable to the creditors of Morley to the extent of its $10,000 bond. It never sought to oppose the merits of any claim against it, whether made by Grandinetti and Encinas, or the appellant, or any other creditor of Morley, but sought only to insure that its liability did not exceed the amount of the bond.

Nor has any bad faith been shown by Western Casualty's "acquiescence" in the improper manner of service adopted by Grandinetti and Encinas. Appellant acknowledges that Western Casualty sought to have the complaint dismissed on these grounds, and consented to the entry of judgment against it only after its motion to dismiss had been denied. Appellant's argument seems to be that Western Casualty should have appealed the erroneous denial of the motion to dismiss. The ruling was not clearly erroneous when made and we refuse to infer bad faith or collusion from Western Casualty's failure to prosecute an appeal under these circumstances.

In *Hartford Accident & Indemnity Co. v. Phoenix Sand & Rock, Inc.*, 116 Ariz. 366, 569 P.2d 308 (App.1977) this Court held that, absent a showing of bad faith, collusion or fraud on its part, the surety should be able to rely on a judgment as exhausting its liability even if the judgment resulted from an erroneous application of the law. The result in *Hartford* was based in part on the policy of discouraging collateral attacks upon judgments, but also in large measure on the policy expressed in A.R.S. § 32–1152 that permits the surety to reduce its liability without litigation by making payments on claims in good faith. Appellant has failed to demonstrate any act of bad faith, collusion or fraud on the part of Western Casualty. We therefore hold that Western Casualty may rely upon the defense of prior exhaustion. Accordingly, there was no error in the trial court's grant of summary judgment in favor of Western Casualty and against appellant and the remaining claimants in the interpleader.

The judgments of the trial court are affirmed.

FROEB, C. J., and DONOFRIO, J., concur.

---

tion to an interlocutory order whenever it is requested to do so. In our opinion Rule 54(b) certification is proper only in exceptional situations. Too much liberality in this area on the part of trial courts tends to aggravate rather than alleviate the confusion of issues within a complex piece of litigation, as well as undermine our judicial system's policy against piecemeal appeals.