635 P.2d 174

CONTINENTAL CASUALTY, an Illinois Corporation, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Rufus C. Coulter, Robert Szalkowski and Marcia Szalkowski, his wife, Respondents.

No. 15442.

Supreme Court of Arizona, En Banc.

Oct. 1, 1981.

Jennings, Strouss & Salmon by William T. Birmingham and John A. Micheaels, Phoenix, for petitioner.

Law Offices of Charles M. Brewer by Stuart J. Reilly, Phoenix, for respondent.

HAYS, Justice.

A Petition for Special Action was brought by Continental Casualty (hereinafter "petitioner") against Respondent Superior Court Judge, the Honorable Rufus C. Coulter, and Respondents-Real Parties In Interest, Szalkowski. We accepted jurisdiction pursuant to Arizona Constitution, article 6, § 5, and 17A A.R.S. Rules of Procedure for Special Actions, rule 3. Relief granted.

Respondent Robert Szalkowski, a forklift operator for O'Malley Lumber Company, was injured in the course of his employment when he fell from a pallet supported by a forklift while attempting to empty trash into a container. Szalkowski thereafter brought an action against O'Malley, his co-employees, the compensation carrier insurance agency, and petitioner. Petitioner had issued a comprehensive general and automobile insurance policy to O'Malley which provided coverage against liability property damage or bodily injury sustained by members of the public. The policy did not provide coverage to O'Malley employees for injuries sustained in the course of employ-ment. Szalkowski asserted, however, that petitioner and the compensation carrier had assumed a duty to inspect the premises in order to discover unsafe and hazardous conditions. This duty allegedly arose because petitioner had conducted inspections of the premises for the purposes of risk evaluation and policy premium determination. An additional purpose of the inspections was to minimize the potential for O'Malley's liability to members of the public due to careless or unsafe practices of its employees.

On December 13, 1979, petitioner filed a motion to dismiss or, in the alternative, a motion for summary judgment. Petitioner contended that the mere fact that it had issued a liability insurance policy to O'Malley did not impose upon petitioner any duty to take affirmative action to discover unsafe and hazardous conditions on the premises of the insured for the benefit of O'Malley employees. The trial court granted Continental's motion and also granted motions for summary judgment filed by O'Malley and the compensation carrier. After these motions were granted, the only remaining defendants in the lawsuit were Szalkowski's co-employees.

Pursuant to the trial court's order granting summary judgment in its favor, petitioner submitted a form of judgment containing Rule 54(b) language, Rules of Civil Procedure, 16 A.R.S. Before any objection to the form of judgment had been filed, the trial court *sua sponte* declined to sign and enter the judgment because it contained the Rule 54(b) language. One week later, respondents Szalkowski filed an objection to the form of judgment, contending that certification for immediate appeal would result in the type of piecemeal litigation which the Rules of Civil Procedure sought to avoid. Following arguments, the trial court entered an order sustaining Szalkowski's Objection to Judgment. The order prompted petitioner to bring this special action.

The case now before us is in an unusual posture. After petitioner filed its Petition for Special Action, counsel for petitioner was advised by counsel for Szalkowski that respondents did not wish to oppose the Peti-

tion for Special Action. Further, respondents stipulated that a judgment containing 54(b) language be entered against respondents and in favor of petitioner. This stipulation was submitted to the trial judge; however, the judge refused to sign and enter judgment. Petitioner asks us to take jurisdiction and order the trial court to sign and enter the judgment containing the 54(b) language.

Rule 54(b) provides:

*Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In *Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961), we observed that,

"[r]ule 54(b) is designed to make an accommodation between the policy against piecemeal appeals, (citations omitted), and the problems that have arisen under the liberalized joinder of claims, counterclaims, cross-claims, and third-party claims in one suit permitted by our rules of procedure.

"The rule comes into play when it is ascertained that the action embraces multiple claims for relief of which at least one claim but not all has been adjudicated by the trial court." *Id.* at 44, 365 P.2d at 209.

■ "For the purpose of rule 54(b), multiple claims exist if the factual basis for recovery states a number of different claims that could have been enforced separately." *Title Insurance Co. of Minnesota v. Acumen Trading Co.,* 121 Ariz. 525, 526, 591 P.2d 1302, 1303 (1979). In discussing Federal Rules of Civil Procedure, rule 54(b), the United States Supreme Court has repudiated the notion that a separate claim for purposes of Rule 54(b) is one that must be entirely distinct from all the other claims in the action and must arise from a different occurrence or transaction. *See Sears, Roebuck Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed.2d 1297 (1956); *Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); *see also* 10 *Wright & Miller, Federal Practice and Procedure,* § 2657 at 50. Rather, a claim is separable from others remaining to be adjudicated when the nature of the claim already determined is "such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

■ The language of Rule 54(b) indicates that the determination of whether multiple claims exist lies within the sound discretion of the trial court. This discretion is to be exercised in the interest of sound judicial administration. *Curtiss-Wright Corp. v. General Electric Co., supra.* In the usual case, the trial court has been found to be in error or in abuse of its discretion when it *enters* a judgment containing the Rule 54(b) language. The apparent willingness of the trial courts to grant certification to an interlocutory order whenever requested to do so has prompted criticism by the Court of Appeals. *See Pulaski v. Perkins,* 127 Ariz. 216, 219, 619 P.2d 488, 491 (App. 1980) (reflecting "increasing concern over an apparently indiscriminate use of 54(b) determinations"); *Watson Construction Co. v. Amfac Mortgage Corp.,* 124 Ariz. 570, 573, 606 P.2d 421, 424 (App.1979) (urging

the trial bench "to use sparingly . . . the finality effect of Rule 54(b)"); *Hill Brothers Chemical Co. v. Grandinetti*, 123 Ariz. 84, 88–89 n. 5, 597 P.2d 987, 991–92 n. 5 (App.1979) ("too much liberality in this area on the part of trial courts . . .").

Notwithstanding these admonitions, it is also possible for a trial court to abuse its discretion by *not* permitting 54(b) language in granting summary judgment when the claim involved is clearly separate and distinct from the remaining claims and the possible injustice of delay would be avoided by entering judgment and making an immediate appeal available. This is such a case.

■ In the instant case it is clear that the claim asserted by Szalkowski against petitioner is both factually and legally distinct from the claim asserted against his co-employees. The issue presented by petitioner's motion for summary judgment was whether the inspections made for purposes of risk evaluation and policy premium determination imposed upon petitioner a duty to inspect the O'Malley premises for the benefit or protection of O'Malley employees.

This presents an entirely distinct legal question from any which could conceivably arise from Szalkowski's claim against his co-employees. That action alleges that the individual defendants failed to exercise reasonable care and skill in either designing, operating or inspecting the refuse collection system forklift in the course of their employment and as a result the subject accident occurred. While the former claim involves a theory of liability which has not been previously recognized by the Arizona courts and poses a question of law as to whether it is a cognizable claim under Arizona tort law, the latter cause of action rests upon different, yet familiar, theories of liability which pose questions of fact, rather than law. As such, these are multiple claims which could have been separately enforced, thus falling within the ambit of Rule 54(b). Because the two legal theories are distinct, no appellate court would have to decide the same issues more than once.

The policy against piecemeal appeals would not be offended by entry of final judgment containing Rule 54(b) language in this case.

Other considerations also point to the conclusion that the trial court should have granted the Rule 54(b) judgment. By the terms of Rule 54(b), the summary judgment order would be subject to revision *at any time* before entry of judgment adjudicating all the claims if the trial court did not certify it for immediate appeal. Petitioner calls our attention to the fact that the litigation between respondent and the co-employees is not set for trial nor is there any Motion to Set or Certificate of Readiness for Trial pending before the trial court. Without certification, petitioner must continue to participate in the litigation of the lawsuit in order to avoid the risk of being inadequately prepared to conduct a defense should the summary judgment order be vacated at a later time. Under these circumstances, the grant of summary judgment in favor of petitioner was meaningless.

■ Finally, although Rule 54(b) was primarily designed to promote judicial economy, the fact that respondent Szalkowski has stipulated that a Rule 54(b) judgment could be entered further persuades us that the trial court abused its discretion in refusing to enter the submitted judgment. This indicates that respondent is also in agreement that the claim against petitioner is separate and distinct from the remaining cause of action against the co-employees and should be certified for immediate appeal.

In light of the foregoing, we conclude that the trial court acted arbitrarily and abused its discretion by refusing to enter the Rule 54(b) judgment. Accordingly, it is ordered that the trial court sign and enter the judgment lodged on behalf of petitioner containing the 54(b) language.

Prayer for relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.