726 P.2d 623

**Janet O. CAMPBELL, a married woman, dealing with her sole and separate property, Plaintiff/Appellee,**

v.

**Amy Frances WARREN, wife of Fred E. Warren, Defendant/Appellant.**

**No. 2 CA–CIV 5708.**

Court of Appeals of Arizona, Division 2, Department A.

June 12, 1986.

Review Denied Oct. 7, 1986.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover and Larry L. Smith, Phoenix, for plaintiff/appellee.

Abbott H. Goldenkoff, Phoenix, for defendant/appellant.

FERNANDEZ, Judge.

Janet Campbell brought an action against Amy Warren for declaratory judgment to establish her interest in a deed of trust. After both parties filed cross-motions for summary judgment, the court granted Campbell's motion. Warren has appealed, contending there is a disputed issue of material fact and that the assignment of the debt did not carry with it an assignment of the security interest. We affirm.

Campbell sold an apartment building to Maxine Plumbo on October 6, 1980. The terms of the sale included a promissory note in the amount of $95,000, payable in monthly installments of $904.71 for ten years with a balloon payment of $87,445.90 due on December 20, 1990. The note was secured by a deed of trust.

On December 3, 1981, Campbell sold the promissory note and deed of trust to appellant Warren. Warren paid Campbell the sum of $41,422 in cash and assigned her $53,150 of the proceeds to be paid from the balloon payment. Campbell executed an endorsement of the promissory note to Warren and an assignment of her beneficiary's interest in the deed of trust which secured the promissory note. At the same time, Warren executed an irrevocable money assignment to Campbell of $53,150 from the balloon payment "when and if the money becomes available."

Plumbo failed to make her monthly payments, and Warren instituted proceedings

for the sale of the real property under the deed of trust. Campbell then filed this action and a summary judgment motion, claiming she has a pro tanto interest in the deed of trust. Warren filed a cross-motion for summary judgment, arguing there was no genuine issue of material fact and that the complaint failed to state a cause of action. Warren's answer alleged that the delinquent payments had been made, and the note was no longer in default.

The court denied Warren's motion for summary judgment and granted Campbell's motion. All the documents executed by the parties were incorporated in the judgment which found that both parties have pro tanto interests in the deed of trust according to their respective interests in the promissory note.

### FACT ISSUE

It is clear that, in reviewing a summary judgment, this court must view the evidence in a light most favorable to the party opposing the motion. If there is any material issue of fact to be litigated, the motion should be denied. *Pinnacle Peak Developers v. TRW Investment Corp.*, 129 Ariz. 385, 631 P.2d 540 (App.1980).

■ Warren raises, for the first time on appeal, arguments on contract interpretation, such as the admission of parol evidence and the intention of the parties. Neither party raised the question of parol evidence in interpreting the contract in her arguments to the trial court. The intention of the parties was also not raised before the trial court. Warren argued below that "[n]o issue of fact regarding the transaction between CAMPBELL and WARREN has been raised and, consequently, there is none to be decided." Arguments not made at the trial level cannot be asserted for the first time on appeal from summary judgment. *Stratton v. Inspiration Consolidated Copper Co.*, 140 Ariz. 528, 683 P.2d 327 (App.1984); *Cote v. A.J. Bayless Markets, Inc.*, 128 Ariz. 438, 626 P.2d 602 (App. 1981). We will not consider new theories raised in order to secure a reversal of a summary judgment. *Fendler v. Phoenix*

*Newspapers Inc.*, 130 Ariz. 475, 636 P.2d 1257 (App.1981). We find no fact issue.

### EXISTENCE OF SECURITY INTEREST

Warren contends that, since the balloon payment may never be made and since the assignment specifically states that the sum assigned is payable "when and if" the partially assigned payment is made, no debt exists but only a contingency and Campbell is not entitled to a pro tanto interest in the deed of trust.

■ Both the United States Supreme Court and the Arizona Supreme Court have recognized that the assignment of a debt carries with it an assignment of its security. The United States Supreme Court stated, "no principle is better settled than this, that the assignment of a debt carries with it an assignment of a judgment or mortgage by which it is secured. If a part only of the debt is assigned, a *pro tanto* portion of the security follows it." *Batesville Institute v. Kauffman*, 85 U.S. (18 Wall.) 151, 153, 21 L.Ed. 775, 776 (1873). Arizona has followed this rule in *Allen v. Hamman Lumber Co.*, 44 Ariz. 145, 34 P.2d 397 (1934); *Empire Machinery Co. v. Union Rock & Materials Corp.*, 119 Ariz. 145, 579 P.2d 1115 (App.1978). Further, the Arizona Supreme Court has also stated that a mortgage is a mere incident of the debt and that an assignment of the note requires that the mortgage automatically follow the assignment. *Hill v. Favour,* 52 Ariz. 561, 84 P.2d 575 (1938).

■ Since Warren contends the assignment in question is of a portion of a fund not yet in being, she argues no debt is created for the security to follow until the contingency occurs, that is, until the balloon payment is made. *Wise v. First National Bank of Nogales*, 49 Ariz. 146, 65 P.2d 1154 (1937). We disagree. The assignment of $53,150 from the balloon payment was an assignment of an existing debt, that owed by Plumbo first to Campbell and then to Warren after the note was sold. It is clear that the assignment spoke in terms of "when and if" in order to avoid

the possibility that Warren had become the guarantor of Plumbo's debt under the note.

Here there is no question that the parties agreed to an assignment to Campbell of a portion of the balloon payment. The assignment did not specifically include or exclude an interest in the security. In the absence of an agreement to the contrary, we find no error in the court's finding that the assignment of a portion of the proceeds of the note automatically transferred a pro tanto interest in the mortgage which secured the note.

Affirmed. The appellee will be awarded attorney's fees on appeal as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1985 Supp.), and *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983).

HATHAWAY, C.J., and HOWARD, P.J., concur.