785 P.2d 581

James D. WYATT and Donna K. Wyatt, husband and wife; Clinton E. Wolf and Joann P. Wolf, husband and wife; John W. Russell and Patty A. Russell, husband and wife; Joseph Soldevere and Jane M. Soldevere, husband and wife; the Glendale Industrial Air Park Associates, an Arizona general partnership; and Pacific General Investment Group, Ltd., an Arizona corporation; and Richard N. Brandes, Plaintiffs-Appellants,

v.

James WEHMUELLER and Jane Doe Wehmueller, husband and wife; Phillip Polich and Jane Doe Polich, husband and wife; James Overfield and Jane Doe Overfield, husband and wife; Glendale Airport Partners, an Arizona general partnership; Title USA, Inc., formerly known as U.S. Life Title, Inc., a

foreign corporation; and Z & H Engineering, an Arizona corporation, Defendants-Appellees.

1 CA-CV 88-163.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 12, 1989.

Appellants' Petition for Review Granted in Part Jan. 30, 1990.*

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter. Corcoran, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Bentley, Brandes & Brandes by Richard N. Brandes and David A. Joffe, Phoenix, for plaintiffs-appellants.

Mariscal, Weeks, McIntyre & Friedlander by Michael S. Rubin and James T. Braselton, Phoenix, for defendants-appellees Wehmueller, Polich and Glendale Airport Partners.

MICHAEL D. HAWKINS, Judge Pro Tem.

This appeal involves an effort to forestall a trustee's sale and the consequences to Plaintiffs–Appellants (herein referred to as "plaintiffs") and their counsel evolving out of those efforts.

Plaintiffs, pursuant to the terms of an August 20, 1985 real estate sales contract, purchased a parcel of real property from defendants. In connection with that purchase, plaintiffs executed a promissory note and deed of trust.

On June 17, 1987, plaintiffs commenced the underlying action against Appellees Wehmueller, Polich & Glendale Airport Partners (herein referred to as "defendants") and others. The essence of the complaint was that plaintiffs had contracted to purchase 60 net usable acres of land, but that they were in fact delivered only 56 such acres at closing. Plaintiffs' complaint sought compensatory damages, pre-judgment interest, costs and attorney's fees. No equitable or injunctive relief was sought in the complaint.

Sometime prior to July 28, 1987, plaintiffs defaulted on payments due under the above promissory note and defendants recorded a notice of trustee's sale. The notice scheduled a public sale of the property for October 29, 1987.

On October 21, 1987, plaintiffs presented the court with an application for a temporary restraining order, order to show cause, and preliminary injunction seeking to prevent the trustee's sale. In substance,

plaintiffs' application alleged that the failure to deliver the full 60 acres of usable land had caused plaintiffs' default under the note and deed of trust and that, accordingly, the trustee's sale should be stayed pending a resolution of the merits of the underlying action.

Defendants responded to the motion, plaintiffs filed several affidavits in support of the application, and the matter was argued to the trial court on October 23, 1987. On October 26, 1987, the trial court denied plaintiffs' request for injunctive relief, finding neither irreparable injury nor a likelihood of success on the merits.

On October 29, 1987, the day scheduled for the trustee's sale, plaintiffs' attorney Richard N. Brandes filed and recorded a notice of lis pendens pursuant to A.R.S. § 12–1191. On November 2, 1987, defendants filed a motion to quash lis pendens and requested an expedited hearing. This motion argued that because plaintiffs' complaint sought only to recover monetary damages, the action was not one "affecting title to real property" within the meaning of A.R.S. § 12–1191 and that the notice of lis pendens had misrepresented the object of the action and the relief demanded. The motion requested an order quashing the notice of lis pendens and an award of statutory damages under A.R.S. § 33–420(A) and attorney's fees against plaintiffs' counsel under Rule 11, Arizona Rules of as well as A.R.S. §§ 12–349 and 33–420.

On November 3, 1987, the trial court heard argument on the motion to quash lis pendens. Although a court reporter was present, no transcript of the hearing has been provided. Following presentation of argument, the trial court granted the motion to quash, giving plaintiffs and their attorney additional time to respond to the request for damages, attorney's fees and costs. On November 9, 1987, the trial court entered a formal order quashing the notice of lis pendens. No finding pursuant to Rule 54(b), Arizona Rules of Civil Procedure was made in connection with the entry of that order.

Following the entry of the formal order and in accordance with the trial court's earlier ruling, plaintiffs and their attorney filed a response to a motion to quash lis pendens limited to the claim for damages, attorney's fees and costs. Defendants thereafter filed a reply. Neither side requested an evidentiary hearing or further argument. On November 23, 1987, the trial court ruled that the lis pendens filed by plaintiffs' attorney was groundless in that it had been filed in an action where the only relief sought was monetary damages and that the filing contained a material misstatement of plaintiffs' actual claims with respect to the trustee sale. The trial court granted defendants' judgment against plaintiffs in the amount of $5,000 under A.R.S. § 33–420 and judgment against their attorney Richard N. Brandes for $2,762 in attorney's fees pursuant to A.R.S. § 12–349.

Following the above ruling, defendants lodged a form of judgment with the trial court tracking the above findings, but also including Rule 54(b) language. Overruling plaintiffs' objections, partial final judgment with such language was entered on January 8, 1988. This appeal ensued.

We first consider appellants' contention that the trial court erred in directing the entry of final judgment pursuant to Rule 54(b), Arizona Rules of Civil Procedure. Relying on three decisions of this court that criticized the routine or indiscriminate use of Rule 54(b), appellants argue that the trial court abused its discretion in making a Rule 54(b) determination in this case because this is not an "exceptional" case and appellees would not be harmed if they were required to await the conclusion of the litigation before entry of a final judgment. *See Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App.1980) (Rule 54(b) power should be used only "in the infrequent harsh case"); *Watson Construction Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 606 P.2d 421 (App.1979) (Rule 54(b) authority to be used "sparingly" in cases with interrelated claims and counterclaims); *Hill Brothers Chemical Co. v. Grandinetti*, 123 Ariz. 84, 597 P.2d 987 (App.1979) ("too much liberality in this area on the part of trial courts tends to

aggravate rather than alleviate the confusion of issues within a complex piece of litigation, as well as undermine our judicial system's policy against piecemeal appeals." 123 Ariz. at 88–89 n. 5, 597 P.2d at 991–92 n. 5). Appellants' reliance on these decisions is misplaced. Both *Hill Brothers* and *Watson Construction Co.* concerned interrelated claims that were not appropriately the subject of separate appeals. Moreover, in *Continental Casualty v. Superior Court*, 130 Ariz. 189, 191, 635 P.2d 174, 176 (1981) our Supreme Court, following *Curtiss–Wright Corp v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980), noted that "a claim is separable from others remaining to be adjudicated when the nature of the claim already determined is 'such that no appellate court would have to decide the same issues more than once even if there are subsequent appeals.'" Concerning *Pulaski, Watson Construction Co.* and *Hill Brothers Chemical Co.*, the court stated:

> Notwithstanding these admonitions, it is also possible for a trial court to abuse its discretion by *not* permitting 54(b) language in granting summary judgment when the claim involved is clearly separate and distinct from the remaining claims and the possible injustice of delay would be avoided by entering judgment and making an immediate appeal available.

*Id.* 130 Ariz. at 192, 635 P.2d at 177 (emphasis in original).

The trial court did not abuse its discretion in making a Rule 54(b) determination in this case. Although this matter concerns multiple claims and multiple parties, appellees' claims with respect to the lis pendens were clearly separate and distinct from the claims still pending, and there is virtually no likelihood that any appellate court would be faced in a subsequent appeal with deciding the same issues now before this court. There was no just reason for delaying the finality of appellees' judgment.

■ We next examine plaintiffs' contention that their action was one "affecting title to real property" within the meaning of A.R.S. § 12–1191, and that the notice of lis pendens was therefore properly filed and recorded. The superior court has jurisdiction to quash a notice of lis pendens improperly filed under A.R.S. § 12–1191. *Kelly v. Perry*, 111 Ariz. 382, 531 P.2d 139 (1975).

■ Several recent cases from Divisions One and Two of this court illustrate the scope of A.R.S. § 12–1191. Because that statute permits the filing of a notice of lis pendens only in an action "affecting title to real property," a notice of lis pendens filed in an action seeking only recovery on a debt is void, even where the plaintiff has applied for a pre-judgment attachment of the defendant's real property. *Mammoth Cave Production Credit Association v. Gross*, 141 Ariz. 389, 687 P.2d 397 (App. 1984). In *Tucson Estates, Inc. v. Superior Court*, 151 Ariz. 600, 729 P.2d 954 (App. 1986), plaintiffs were owners of lots in a development associated with a golf course. Their rights to their lots included the right to use the golf course. The defendant developer also owned and sought to develop a neighboring parcel. The plaintiffs brought an action against the developer and others seeking a declaration that use of the existing golf course was not a right incident to ownership of lots in the new development, and seeking to impose an implied restrictive covenant to that effect. The plaintiffs filed a notice of lis pendens in connection with their action. Rejecting the developer's argument that A.R.S. § 12–1191 should be strictly construed, the court stated:

> We ... find that the purpose behind the doctrine of lis pendens is best served by construing the statute to permit the filing of a notice of lis pendens in any action involving an adjudication of rights incident to title to real property.

*Id.* at 605, 729 P.2d at 959. The court held that the count seeking to impose an implied restrictive covenant affected "rights incident to title to real property," and that the notice of lis pendens was properly filed.

In *Coventry Homes, Inc. v. Scottscom Partnership*, 155 Ariz. 215, 745 P.2d 962 (App.1987), this court implicitly followed

Division Two's interpretation of A.R.S. § 12–1191 as permitting the filing of a lis pendens in any action involving the adjudication of "rights incident to title to real property." However, the court also stated:

> [Coventry Homes] argues that if the action has the potential to affect title to real property, the lis pendens cannot be considered groundless. We disagree. We find that neither the purpose of A.R.S. § 12–1191 nor A.R.S. § 33–420 would be served by permitting parties to record a notice of lis pendens to recover a debt merely by characterizing the action as one seeking a constructive trust or equitable lien. There must be some basis for concluding that an equitable lien or constructive trust would be imposed on the real property subject to the notice of lis pendens.

*Id.* at 218, 745 P.2d at 965 (citation omitted).

▮ In support of their argument that they were entitled to file a notice of lis pendens in this action, appellants reason:

> After the commencement of the litigation, the Notice of Trustee's Sale was filed by the Defendants based upon an alleged failure of the Plaintiffs to make an installment payment under one of the promissory notes resulting from the sales contract. It was the position of the Plaintiffs that they were not obligated under the terms and conditions of the promissory note upon which the Trustee's Sale was based because of the breaches of contract alleged in the Complaint. Under Arizona law the Plaintiffs had the right to affirm the real estate contract at issue and sue for damages. A resultant victory by the Plaintiffs in the instant litigation could well result in no liability on their part to the Defendants under the promissory note at issue. As a result, no Trustee's Sale could take place since the note which underlyed [sic] the security of the Deed of Trust would have, in effect, been paid. Clearly, the Complaint in this case involves an action which will adjudicate rights incidental to

title to real property and, therefore, the filing of the Notice of Lis Pendens was appropriate under A.R.S. § 12–1191.

We disagree. It is certainly true that plaintiffs had the right to affirm the real estate sale contract and sue appellees for damages, and that is exactly what they did. Under the complaint, however, success for plaintiffs would not have resulted in cancellation of their liability under the promissory note. Plaintiffs' complaint sought only damages for breach of contract. It included no alternative request for rescission of the contract or cancellation of plaintiffs' liability on the promissory note secured by the deed of trust. Plaintiffs' conclusion that plaintiffs' action would involve an adjudication of rights "incident to title" to the real property in question is therefore simply wrong.[1]

As we noted above, the trial court awarded appellees damages of $5,000 pursuant to A.R.S. § 33–420(A). That statute provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars or for treble the actual damages caused by the recording or filing, whichever is greater, and reasonable attorney fees and costs of the action.

The trial court also awarded attorney's fees in the amount of $2,762 under A.R.S. § 12–349, which provides in pertinent part:

> A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed

---

1. Appellants have never argued that the filing of their application seeking to enjoin the then-pending trustee's sale converted this action into one affecting rights incident to title to real property, and we accordingly do not consider whether it had that effect.

five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

2. Brings or defends a claim solely or primarily for delay or harassment.

3. Unreasonably expands or delays the proceeding.

4. Engages in abuse of discovery.

. . . .

F. In this section, 'without substantial justification' means that the claim or defense constitutes harassment, is groundless and is not made in good faith.

Plaintiffs now argue that the trial court erred in failing to conduct a hearing or take evidence before making its findings on the following issues: (1) whether Attorney Brandes filed the notice of lis pendens for the purpose of harassing appellees; (2) whether Attorney Brandes knew the notice of lis pendens was groundless; (3) whether Attorney Brandes filed the notice of lis pendens in bad faith; and (4) whether Brandes' clients can be held responsible for an act they did not specifically authorize or consent to.

It is settled that an appeal is not the appropriate place to consider issues or theories not presented below. *Campbell v. Warren,* 151 Ariz. 207, 726 P.2d 623 (App. 1986); *Sahf v. Lake Havasu City Association for the Retarded and Handicapped,* 150 Ariz. 50, 721 P.2d 1177 (App.1986). Here, defendants made their request for damages and attorney's fees under A.R.S. §§ 12–349 and 33–420 in their motion to quash the lis pendens. As we have noted, plaintiffs did not provide a transcript of the expedited hearing on that motion on November 3, 1987. Thus, we do not know if plaintiffs asked for an evidentiary hearing concerning those requests at that time. Indeed, the trial court's minute entry of that date suggests that neither side requested such a hearing and both were agreeable to submitting appellees' requests for damages and attorneys' fees based on written memoranda. The minute entry states in part:

Plaintiff requests until 5 P.M. on 11/17/87 to respond to defendants request for damages, attorneys fees and costs as listed in the motion; defendant will reply by 5 P.M. on 11/19/87 at which time that part of the motion will be deemed submitted for ruling. So ordered.

Plaintiffs' pleading entitled, "Response to Motion to Quash Lis Pendens," which was filed on November 17, 1987 in response to the trial court's order, included an affidavit of Richard N. Brandes stating:

1. The Lis Pendens was filed by counsel for Plaintiffs without any instructions from the Plaintiffs and without knowledge of the Plaintiffs.

2. The Lis Pendens was filed in order to give notice that Plaintiffs claimed title to the real property to which a Trustees' Deed had been recorded in favor of the Defendants, based upon the claims in the instant litigation.

3. The Lis Pendens was not filed to harass the Defendants but simply to give notice of the claims of the Plaintiffs pursuant to A.R.S. § 12–1191.

The pleading contained no request for an evidentiary hearing and did not argue that such a hearing was necessary. Plaintiffs thereby effectively agreed to submit the issue for ruling on the written materials and oral arguments of counsel. They should not now be heard to contend on appeal that the trial court denied them due process or otherwise erred in following that procedure.

■ Plaintiffs also argue that because the clients did not specifically know of or authorize Attorney Brandes to file the notice of lis pendens, the trial court erred in holding them liable for damages under A.R.S. § 33–420(A). We cannot agree.

The filing here was a tactical decision concerning the ongoing litigation for which Attorney Brandes was employed, and therefore well within his authority to act on behalf of his clients. *See generally, Garn v. Garn,* 155 Ariz. 156, 745 P.2d 604 (App. 1987). Arizona case law generally discusses the authority of an attorney to bind a client by his or her acts:

18

The authority thus conferred upon an attorney is in part apparent authority—i.e., the authority to do that which attorneys are normally authorized to do in the course of litigation manifested by the client's act of hiring an attorney—and in part actual authority implied in law. *Blanton v. Womancare, Inc.*, 38 Cal.3d 396, 212 Cal.Rptr. 151 [156], 696 P.2d 645, 650 (1985).

*Id.* 155 Ariz. at 160, 745 P.2d at 608.

A careful reading of A.R.S. § 33-420(A) fails to show a requirement that the "person purporting to claim an interest" ("the client") have specific knowledge of or provide authorization for the filing. The trial court could have fairly inferred that the client here had instructed the attorney to take those steps which the attorney believed would best protect the clients' interests and thereby "caused" its filing. Under ordinary circumstances, the filing of a lis pendens is a normal and routine action in the representation of a client involved in a real property dispute. Had the tactical choice here actually protected the clients' interest, this court would, in all likelihood, not have heard the argument that the attorney's action should be disregarded because it was done without the clients' specific knowledge or consent.

Courts must follow the plain and natural meaning of statutory language to discover what the legislature intended. *Dearing v. Arizona Dep't of Economic Security*, 121 Ariz. 203, 204, 589 P.2d 446, 447 (1978). We do not believe that the legislature intended that a person acting with general authority should be able to escape the intended consequences of A.R.S. § 33-420(A) by simply not informing the client of the filing.

■ We lastly reject plaintiffs' contention that the findings of fact on which the trial court based its award of statutory damages and attorney's fees were clearly erroneous. As we have held, A.R.S. § 12-1191 did not authorize the notice of lis pendens. It was therefore "groundless" within A.R.S. § 33-420(A). *Richey v. Western Pacific Development Corp.*, 140 Ariz. 597, 684 P.2d 169 (App.1984). *See*

*Bianco v. Patterson*, 159 Ariz. 472, 768 P.2d 204 (App.1989). Moreover, paragraph 2 of the notice of lis pendens implies that the complaint alleges the notice of trustee's sale was invalid and that any resultant sale would also be invalid. The Complaint, of course, says nothing of the kind.

The trial court's conclusion that the notice of lis pendens contained a "material misstatement" within the meaning of A.R.S. § 33-420(A) was both reasonable and well founded. Further, Attorney Brandes was the author of both the complaint and the notice of lis pendens, and the trial court could have reasonably concluded that he had "reason to know" that the notice of lis pendens was groundless and contained a material misstatement. Finally, in our opinion the trial court could also have reasonably concluded from the record, and the circumstances of which it was aware, that the filing of the notice of lis pendens was for the purpose of harassment and not made in good faith. *See generally, Gilbert v. Board of Medical Examiners*, 155 Ariz. 169, 745 P.2d 617 (App.1987).

Defendants request an award of attorney's fees on appeal pursuant to A.R.S. §§ 12-349, 33-420 and 12-341.01, and Rule 11, Arizona Rules of Civil Procedure. Although we affirm the judgment below, we are of the opinion that the instant appeal falls short of meeting the conditions required for mandatory awards of sanctions under A.R.S. § 12-349, A.R.S. § 33-420, A.R.S. § 12-341.01(C) or Rule 11. In our discretion we therefore decline to grant an award of attorney's fees pursuant to A.R.S. § 12-341.01(A).

Affirmed.

*Note:* The Honorable MICHAEL D. HAWKINS, a Judge Pro Tem. of a court of record, was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to the Arizona Constitution, Art. 6, § 20.