NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CELESTE M. FLYNN, *Plaintiff/Appellant*,

*v.*

BRYANNE OLSEN, *Defendant/Appellee*.

No. 1 CA-CV 20-0451
FILED 5-18-2021

Appeal from the Superior Court in Yuma County
No. S1400CV201800886
The Honorable Brandon S. Kinsey, Judge

**APPEAL DISMISSED**

COUNSEL

Schneider & Onofry, P.C., Yuma
By Charles D. Onofry, James C. Golden
*Counsel for Plaintiff/Appellant*

Wong & Carter, P.C., Phoenix
By Rick K. Carter, Matthew A. Klopp, Shane Q. Parker
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

¶1         Appellant Celeste M. Flynn challenges the superior court's
ruling granting summary judgment to Appellee Bryanne Olsen on two
counts of Celeste's complaint alleging unjust enrichment and seeking to
impose a constructive trust.  We dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2         Don and Nancy Olsen established the Donald S. Olsen &
Nancy J. Olsen Trust ("the Olsen Trust") in 1987.  Within the Olsen Trust
are two trusts identified as Trust A and Trust B.  Celeste, Don's oldest child,
is the successor trustee of Trust B.

¶3         The Olsen Trust agreement provided that Don and Nancy
would convey their community property and Nancy's Southern Arizona
Bank common stock shares, which she held as sole and separate property,
to Trust B.  After Nancy's passing in 1996, Don conveyed an additional
property ("the 16th Street Property") to Trust B.

¶4         Don married Bryanne in or about 2003.  In October 2011, Don
executed a will disinheriting Celeste and his four other children.  He and
Bryanne also executed a "Third Amendment and Restatement of the
Donald S. Olsen and Bryanne Olsen Living Trust" ("the Living Trust") and
transferred all of their assets to the Living Trust.

¶5         Don passed away in November 2016.  Celeste filed this case
in October 2018, alleging Don had liquidated the Southern Arizona Bank
shares and commingled the proceeds with other assets that were
subsequently placed in the Living Trust.  She also alleged that Don sold the
16th Street Property in 2005 but did not remit the sale proceeds to Trust B;
instead, Don gave Trust B an unsecured promissory note.  Based on the
foregoing actions, Celeste alleged Don breached his fiduciary duties as
trustee of Trust B, converted or fraudulently transferred Trust B assets, and
subsequently breached the promissory note.  She further alleged Bryanne
aided and abetted Don's conduct and that the Living Trust was unjustly

enriched. Accordingly, Celeste requested the court impose a constructive trust over any missing Trust B assets including "the proceeds from selling Nancy's stock . . . as well as the proceeds from the sale of the 16th Street [P]roperty."

**¶6**        Bryanne unsuccessfully moved to dismiss the complaint, contending it mirrored an earlier complaint Celeste filed in 2017 ("the First Civil Case"). The superior court had dismissed the First Civil Case complaint without prejudice, finding that "the Estate of Donald S. Olsen is an indispensable party to the proceedings, both as to claims and as to possible defenses." Celeste then filed a probate petition seeking to have a personal representative appointed for Don's estate ("the Probate Case"). That petition was dismissed with prejudice on February 15, 2019, as untimely under the two-year limitations period of Arizona Revised Statutes section 14-3108. Celeste appealed that judgment ("the Probate Appeal").[1]

**¶7**        While the Probate Appeal was pending, the superior court in this case granted summary judgment to Bryanne on two of the twelve counts of Celeste's complaint: unjust enrichment and constructive trust. It did so based on its conclusion that Celeste would be "barred from bringing this action against Defendants if [she] is unsuccessful in [the Probate Appeal]." The court later entered an amended judgment finding that the First Civil Case dismissal order "collaterally estop[ped] [Celeste] from pursuing any and all claims against all defendants, including Bryanne[,] . . . because no personal representative has been appointed," but the court still only granted summary judgment on two counts. The probate court certified both judgments under Arizona Rule of Civil Procedure ("Rule") 54(b). Celeste timely appealed both judgments.

## JURISDICTION

**¶8**        Bryanne contends we lack jurisdiction over this appeal because the court improperly certified both judgments under Rule 54(b). *See Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n, Inc.*, 229 Ariz. 525, 530, ¶ 14 (App. 2012). "[W]e must dismiss an appeal

---

[1]        Another panel of this court recently issued its opinion in the Probate Appeal. *See Flynn v. Olsen (In re Estate of Olsen)*, 1 CA-CV 20-0343, 2021 WL 1421651 (Ariz. App. Apr. 15, 2021). The court reversed the dismissal of Celeste's petition and remanded for further proceedings, holding that she was not time-barred from seeking the appointment of a personal representative for Don's estate. *Id.* at *3, ¶¶ 15-16.

over which we lack jurisdiction." *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019).

**¶9**      Generally, our jurisdiction is limited to final judgments that dispose of all claims and all parties. *Kim v. Mansoori*, 214 Ariz. 457, 459, ¶ 6 (App. 2007).  Rule 54(b) creates an exception under which the trial court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an express determination that "there is no just reason for delay."  Ariz. R. Civ. P. 54(b).  But a Rule 54(b) certification does not confer appellate jurisdiction if the judgment is not actually final, in other words, if the judgment "did not dispose of at least one separate claim of a multi-claim action."  *Dabrowski*, 246 Ariz. at 512, ¶ 14 (quoting *Grand v. Nacchio*, 214 Ariz. 9, 16, ¶ 17 (App. 2006)).

**¶10**      Multiple claims exist for purposes of Rule 54(b) "if the factual basis for recovery states a number of different claims that could have been enforced separately."  *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 9 (App. 1990) (quoting *Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191 (1981)).  Generally, Rule 54(b) certification is proper if "no appellate court would have to decide the same issues more than once even if there are subsequent appeals."  *Id.*  We review *de novo* whether the superior court properly certified the judgment as final.  *Dabrowski*, 246 Ariz. at 511, ¶ 13.

**¶11**      Bryanne contends Celeste's unjust enrichment and constructive trust claims cannot be separated from the remaining unadjudicated claims.  "[T]wo distinct claims are but one for purposes of Rule 54(b) if they have a 'significant factual overlap.' . . . Subsumed within the significant factual overlap theory is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief."  *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 305 (App. 1991) (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988)).

**¶12**      Here, the unjust enrichment claim hinges on Don's sale of the 16th Street Property, as Celeste alleges Don used the sale proceeds to benefit other business interests that now are part of the Living Trust.  Likewise, she alleges a constructive trust is warranted because the Living Trust "was the beneficiary of and holds property that rightfully belongs to Trust B," including "the proceeds from selling Nancy's stock" and "the proceeds from the sale of the 16th Street [P]roperty."  These same allegations also permeate each of the unadjudicated claims.  Moreover, Celeste seeks the same relief as to each claim, namely, the recovery of proceeds "from any Defendant [that] has received" them.  *See Musa v. Adrian*, 130 Ariz. 311, 313

(1981) ("Where, as here, the judgment disposed of three of the legal theories supporting appellants' claim for relief, Rule 54(b) language does not make the judgment final and appealable.").

**¶13**        In addition, "the judge should certify the order or judgment pursuant to Rule 54(b) only in those cases in which some hardship or injustice would result from a delay in entering a final judgment." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53, ¶ 19 (1999). No such prejudice is evident from the record, and Celeste does not contend she would have suffered any had the court not certified the amended judgment. We, therefore, conclude the court erred in certifying the judgment under Rule 54(b).

## CONCLUSION

**¶14**        For the foregoing reasons, we dismiss Celeste's appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:
AA